PEOPLE *v.* MINER

1. EVIDENCE—CRIMINAL LAW—WEAPONS—ADMISSIBILITY.

> Weapons known or conceded not to have been used in a crime are nonetheless admissible in a prosecution for the crime where they have some probative weight.

2. EVIDENCE—CRIMINAL LAW—WEAPONS—ADMISSIBILITY—PREPARATION—STATE OF MIND.

> Weapons not used in an assault on police officers but seized from defendant's automobile at the scene of the assault were properly admitted into evidence, where on the facts of the case the weapons and other items constituted evidence of preparation and state of mind of the defendant.

3. APPEAL AND ERROR—EVIDENCE—ADMISSIBILITY—SEARCH AND SEIZURE—PRESERVING QUESTION.

> Objection by defense counsel to the admission into evidence of weapons and other items on the basis that they were not relevant or material to the crime charged and not asserting that they were the fruit of an illegal search and seizure precludes raising the objection based on search and seizure on appeal since the issue has not been preserved for appellate review.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 January 14, 1970, at Detroit. (Docket No. 7,206.) Decided March 26, 1970.

Charles Eugene Miner was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 29 Am Jur 2d, Evidence § 288.
[3] 5 Am Jur 2d, Appeal and Error § 892.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Robert M. Hetchler,* for defendant on appeal.

Before: DANHOF, P. J., and FITZGERALD and Mc-GREGOR, JJ.

DANHOF, J. Defendant was tried on a charge of assault with intent to commit murder. The jury found him guilty of a lesser included offense, assault with intent to do great bodily harm less than murder, MCLA § 750.84 (Stat Ann 1962 Rev § 28-.279). Defendant was sentenced to a term of nine to ten years in prison.

The complaining witnesses, two Detroit policemen, testified that on the evening of May 3, 1968, they were on patrol in the city of Detroit in an unmarked car when they observed defendant driving at a high rate of speed. They followed his car and pulled alongside when he stopped for a light. The officers testified that when they then ordered defendant to pull over he looked directly at them and then drove off. The officers were in uniform.

A high speed chase ensued, and defendant finally turned into a slag yard where his car came to a stop against a large slag heap. When the officers who had momentarily lost sight of defendant's car spotted him, he was standing some 25 to 40 yards away with a shotgun at his shoulder pointed at the officers.

At this point one of the officers ducked down after which he heard what sounded like a shotgun blast. The officer testified that he then identified himself as a police officer and ordered defendant to drop

his gun. When defendant failed to do so, the same officer shot him with his revolver, wounding him. Other officers from the Detroit and Dearborn police departments arrived within minutes. Defendant was searched and then taken to the hospital. A search of his car uncovered a small arsenal of weapons all of which were introduced as evidence at trial over the vigorous objection of defense counsel.

One of the Dearborn police officers testified that the shotgun allegedly used by defendant had a spent shell in it when examined at the scene of the incident. He further testified that he had detected a faint odor of powder when he first examined the weapon at the scene.

The sole witness in defendant's behalf was the defendant himself. He testified that he did not know that the men who ordered him to pull over at the traffic light were police officers. He testified further that he first noticed they were police officers when he saw them at the slag yard. Defendant said that as soon as he learned this he laid down his weapon, and that he never once fired the weapon before he was shot by the police.

On cross-examination the prosecution elicited the information that defendant had an extensive criminal record, and that on the date of the incident, he was an escapee from an Ohio jail.

On appeal defendant raises a number of questions, the principal one being whether the trial court erred prejudicially by admitting into evidence two .22-calibre rifles, four boxes of .22-calibre bullets, a pair of binoculars, two shotgun shells, two screwdrivers, a homemade knife and other items, all of which were found in defendant's automobile at the time of his arrest, when the information and facts testified to by the people's witnesses charged defendant with

assault with intent to kill and murder with a certain 20-gauge shotgun.

Apparently, there is a dearth of Michigan authority precisely in point on this question. However, the following quotation from a legal encyclopaedia is pertinent, 22A CJS, Criminal Law, § 712, pp 965–967:

"Weapons or other instruments which are in no way, or not sufficiently, connected with the crime, or concerning which there is insufficient evidence from which a jury might reasonably infer that they were used in the commission of the crime, are inadmissible to show that they were so used, even where they are connected with accused, and certainly where they are not connected with accused. However, a weapon or instrument found in the possession of accused or of his criminal associates which, although not identified as the one actually used, is similar in form and character thereto, or which, from the circumstances of the finding justifies an inference of the likelihood or possibility of its having been used, is admissible for the purpose of showing availability to accused of the means of committing the crime in the manner in which it is shown to have occurred, or for the purpose of illustration, or of showing preparation, or the state of mind or intent of accused. Moreover, weapons known or conceded not to have been used in the crime are admissible where they have some probative weight or where they constitute part of the picture."

Considering the prosecution's burden of proving intent in the crime charged and that on the facts of this case the weapons and other items constituted evidence of preparation and state of mind of the defendant, they were properly admitted into evidence. See *People* v. *Machen* (1894), 101 Mich 400, and *People* v. *Becker* (1942), 300 Mich 562.

However, this opinion should not be construed as authority that weapons not directly used in the crime charged would in all cases be admissible.

Defendant also argues that the search of his car without a warrant and the seizure of the weapons and other items was illegal and, therefore, the weapons and other items should not have been admitted into evidence. While defense counsel did object to the admission of these weapons and other items on the basis that they were not relevant or material, there was no objection based on illegal search and seizure. Therefore, this issue has not been preserved for appellate review. *People* v. *Wilson* (1967), 8 Mich App 651.

On appeal defendant also argues that the prosecution's weapons expert was not properly qualified and, therefore, his testimony should not have been admitted. No objection to this testimony was made at the time and thus the question has not been preserved for review.

Other questions raised on appeal do not merit discussion. Clearly there was sufficient evidence to support the verdict and there was no objection by defense counsel to the jury instructions and so they are not properly before this Court for review, GCR 1963, 516.

Affirmed.

All concurred.