PEOPLE *v* JONES

1. CRIMINAL LAW—EVIDENCE—OTHER CRIMES—PLAN OR SCHEME.
    Denial of defendant's motion for a mistrial made when the prosecutor said, in his opening statement, that he would prove that defendant was involved in an attempted sale of narcotics subsequent to the sale with which the defendant was charged was not error where the prosecutor argued that he would

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 326.
[2] 53 Am Jur, Trial § 505.
    5 Am Jur 2d, Appeal and Error § 545.
[3] 56 Am Jur, Witnesses § 2.
    29 Am Jur 2d, Evidence § 708.
[4] 56 Am Jur, Witnesses § 2.
[5] 58 Am Jur, Witnesses § 3 *et seq.*
    21 Am Jur 2d, Criminal Law §§ 328, 345.
[6] 53 Am Jur, Trial § 454 *et seq.*
    25 Am Jur 2d, Drugs, Narcotics, and Poisons § 21 *et seq.*

produce evidence which would make the fact of the attempted sale admissible as showing a "scheme, plan, or system" and where the court granted the defendant's alternative motion that proof be limited to evidence of the sale on the date mentioned in the information and instructed the jury as to that limitation, because defendant was granted more than he was entitled to as a matter of right.

2. APPEAL AND ERROR—FAIR TRIAL—PREJUDICIAL REFERENCES—PRESERVING QUESTION.

The defendant's contention that it was error to allow several references, in his trial for sale of narcotics, to the fact that an undercover police officer narcotics agent was in danger was not reviewed by the appellate court where the defendant made no objection to those references at trial.

3. WITNESSES—RES GESTAE STATEMENT—RES GESTAE WITNESSES—CRIMINAL LAW.

Testimony regarding an utterance made by a person in the nature of a *res gestae* statement does not in itself mean that person must be indorsed on the information as a *res gestae* witness, because there is a distinction between a *res gestae* witness and a *res gestae* statement.

4. WITNESSES—RES GESTAE WITNESSES.

A *res gestae* witness is a witness whose testimony is necessary to illuminate some important aspect of the case.

5. INDICTMENT AND INFORMATION—WITNESSES—RES GESTAE WITNESSES—INDORSEMENT.

Failure to indorse a witness on the information as a *res gestae* witness, as requested by the defendant after the prosecution had rested its case, was not error where the witness's existence was known at least as early as the time of the preliminary examination, because the witness's indorsement was not sought within a reasonable time after his existence had been discovered.

6. POISONS—NARCOTICS—ILLEGAL POSSESSION—QUANTITY.

The prosecutor's remark, in his opening statement, that possession of any amount of heroin is a violation of the law does not require reversal of the defendant's conviction of sale of heroin where the evidence presented clearly showed that the defendant was in possession of a usable amount of heroin.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 January 13, 1972, at Lansing. (Docket No. 10759.) Decided February 23, 1972. Leave to appeal denied, 388 Mich 792.

Willie E. Jones was convicted of the sale of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Robert F. Leonard*, Prosecuting Attorney, and *Donald A. Kuebler*, Chief Assistant Prosecuting Attorney, for the people.

*Sander H. Simen*, for defendant on appeal.

Before: DANHOF, P. J., and T. M. BURNS, and O'HARA,* JJ.

DANHOF, J. After a jury trial the defendant was convicted of sale of narcotics. MCLA 335.152; MSA 18.1122. He now appeals and we affirm.

The defendant's first contention is that the trial court allowed an improper reference to other offenses. In his opening statement the prosecutor stated that he would prove that on an occasion subsequent to the crime charged the defendant was involved in an attempted sale of narcotics. The defendant objected and, in the absence of the jury, moved for a mistrial on the ground that the prosecutor had made an improper reference to a separate offense. The prosecutor argued that he would produce evidence that would be admissible under MCLA 768.27; MSA 28.1050 as tending to show a "scheme plan or system". On the facts of this case this

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

testimony would have been admissible. *People* v *Plummer,* 189 Mich 415 (1915) ; *People* v *Anderson,* 13 Mich App 247 (1968).

The trial court denied the motion for a mistrial but granted the defendant's motion that proof be confined to the date mentioned in the information, and the jury was informed that proof was limited to that date. We hold that the motion for a mistrial was properly denied. When the court granted the motion to limit proof to the date given in the information it granted the defendant more than he was entitled to as a matter of right, and therefore, the defendant cannot urge this point as error.

The defendant contends that it was error to allow several references to an undercover police officer being in danger. The defendant did not object to these references and he cannot raise this issue for the first time on appeal. *People* v *Borowski,* 330 Mich 120 (1951) ; *People* v *Miner,* 22 Mich App 673 (1970).

The defendant contends that it was error to deny his motion to indorse the name of an alleged *res gestae* witness, one Tyrone Peck, on the information. The defendant argues that the trial court made inconsistent rulings in allowing testimony regarding an utterance made by Peck as part of the *res gestae,* and then ruling that Peck was not a *res gestae* witness. This argument must fail because it does not distinguish between a *res gestae* statement and a *res gestae* witness. These are two very different things and they have little in common.

The term *"res gestae"* has been used to justify the admission of testimony which would otherwise be inadmissible as hearsay. Examples of the types of statements which have been called *res gestae* are (1) declarations of present bodily condition, (2) declarations of present mental states and emotions, (3)

excited utterances, and (4) declarations of present sense impressions. The term *"res gestae"* has also been used to describe statements that are not hearsay and this fact illustrates the indiscriminate coverage of the term. McCormick on Evidence § 274.

The use of the term *"res gestae"* has been strongly criticized. 6 Wigmore, Evidence, § 1767. While the term continues to be used the more specific analysis advocated by Wigmore is surely more conducive to clarity of thought. See Wigmore, Evidence, §§ 1767–1769; McCormick on Evidence §§ 265–274. However, as long as the usage continues it is important to distinguish between a *res gestae* statement and a *res gestae* witness.

A *res gestae* witness may be broadly defined as a witness whose testimony is necessary to illuminate some important aspect of the case. This obviously has nothing to do with whether or not a hearsay objection should be sustained. On the record before us it is difficult to say whether or not Peck was a *res gestae* witness. However, his existence became known at least as early as the time of the preliminary examination. When a *res gestae* witness has not been indorsed his indorsement must be sought within a reasonable time after his existence is discovered. *People* v *Dimitroff,* 321 Mich 205 (1948); *People* v *Amos,* 10 Mich App 533 (1968). In this case the defendant did not seek indorsement until after the prosecution had rested its case.

The defendant contends that a reversal is required because of a remark by the prosecutor, in his opening statement, that possession of any amount of heroin was a violation of the law. The defendant relies on *People* v *Harrington,* 33 Mich App 548 (1971) where we held that when a defendant has been found in possession of minute quantities of heroin it must be determined, on all the facts and

circumstances of the case, that the quantity of narcotics actually discovered is a remnant of a larger usable amount.

This case is distinguishable from *Harrington.* In *Harrington* the defendant was in possession of an amount of heroin that was clearly less than a usable amount. In this case the record clearly shows that a usable amount of heroin was involved. Furthermore, in this case the trial court instructed the jury that in order to be guilty the defendant must have had knowledge that he was dealing with heroin and the intent to deal with heroin.

Affirmed.

All concurred.