PEOPLE v DYSON

1. DRUGS AND NARCOTICS—DELIVERY OF HEROIN—USABLE AMOUNT—
   INSTRUCTIONS TO JURY.
   The rule of quantity applied in prosecutions for possession of
   heroin, that the amount of heroin sufficient to substantiate a
   conviction of possession is that which could reasonably be
   inferred to be a remnant of a larger, usable amount, does not
   apply in prosecutions for sale or delivery of heroin (MCLA
   335.341[1][a]).

2. DRUGS AND NARCOTICS—DELIVERY OF HEROIN—INSTRUCTIONS TO
   JURY—KNOWLEDGE—INTENT.
   Instructions to the jury in a prosecution for delivery of heroin
   that the defendant, in order to be guilty, had to have knowl-
   edge that he was delivering heroin and the intent to deliver
   heroin, and did deliver heroin, were proper (MCLA
   355.341[1][a]).

Appeal from Berrien, Julian E. Hughes, J. Sub-
mitted Division 3 June 6, 1974, at Grand Rapids.
(Docket No. 18046.) Decided October 8, 1974.

Alvin Dyson was convicted of delivery of heroin.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *John A. Smietanka,*
Prosecuting Attorney, and *John Jeffrey Long,* As-
sistant Prosecuting Attorney, for the people.

*Joseph B. Szeremet,* Assistant State Appellate
Defender, for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 21.
What constitutes "possession" of a narcotic drug proscribed by § 2
of the Uniform Narcotic Drug Act. 91 ALR2d 810.

Before: Holbrook, P. J., and T. M. Burns and
R. L. Smith,* JJ.

Holbrook, P. J. Defendant appeals as of right
from his jury conviction of delivery of heroin
contrary to MCLA 335.341(1)(a); MSA
18.1070(41)(1)(a).

At trial, a police informant testified that, work-
ing in concert with narcotics officers, he purchased
from defendant two bags of heroin in front of a
pool room in Benton Township, Michigan. Expert
testimony revealed that chemical analysis had
shown that the material in packets was heroin.
The witness related that the total amount of mate-
rial in one packet was .049 gram and the weight of
the material in the other packet was .085 gram.
The witness further testified that no qualitative
analysis had been performed, that the substance
was not pure heroin, but rather a combination of
heroin and other non-narcotic substances, and that
he estimated that the concentration of heroin was
perhaps 4%. Based upon this testimony and as-
sumption, the total gross weight of the drug al-
legedly sold by defendant was approximately 5
milligrams. Defendant here asserts that his convic-
tion for delivery of heroin cannot stand in light of
the small amount of heroin involved; that the trial
judge committed reversible error in refusing to
give the defendant's requested instruction that to
establish delivery of heroin the jury would have to
determine that it could be reasonably inferred that
the quantity of heroin actually delivered was but a
remnant of a larger, usable amount. Defendant
cited as authority therefor the cases of *People v
Harrington,* 33 Mich App 548; 190 NW2d 343
(1971), and *People v Eugene Harris,* 43 Mich App

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

531; 204 NW2d 549 (1972). The trial court denied the request on the basis that there was evidence from which the jury could infer reasonably that the amount of heroin was sufficient "in street terms" as to be prohibited by the statute, that both the *Eugene Harris* and *Harrington* cases were decided under the statutes existing prior to the Controlled Substances Act, MCLA 335.301 *et seq;* MSA 18.1070(1) *et seq.* The court stated it did not propose to give the instruction found to be in error in the *Eugene Harris* and *Harrington* cases which stated that any amount of narcotics, no matter how insignificant, was a violation of the statute. Further, the court distinguished the cases, stating that they involved unlawful possession of heroin, whereas the present case involved delivery. The court pointed out, moreover, that it was unable to understand how the giving of the requested instruction could do other than confuse the jury rather than clarify the matter.

*Harrington, supra,* was an appeal from a conviction for unlawful possession, MCLA 335.153; MSA 18.1123. The Court there found that a reasonable compromise would be struck between the minority and majority views[1] by accepting the view that the amount sufficient to substantiate a conviction for possession would be that which could be reasonably inferred as a remnant of a larger, usable amount. In *Harris,* defendant was also convicted of possession of narcotics. On appeal he asserted,

---

[1] The minority view being that the amount must be sufficient for the drug's common use. *See People v Leal,* 64 Cal 2d 504; 50 Cal Rptr 777; 413 P2d 665 (1966), and *Greer v State,* 163 Tex Crim 377; 292 SW2d 122 (1956). The majority view is that the amount is immaterial. *See* cases cited in *People v Harrington,* 33 Mich App 548, 549–550; 190 NW2d 343, 344–345 (1971).

As to cases for possession, the *Harrington* approach has recently been approved as striking "a just compromise between individual rights and law enforcement needs". *People v Stewart,* 52 Mich App 477, 487; 217 NW2d 894, 899 (1974).

among other things, that the trial judge committed error by instructing the jury that any quantity of narcotics was sufficient to support a conviction. The Court applied the test of *Harrington* and found that the amount involved (24 grains of bulk heroin) was sufficient to satisfy the *Harrington* standard in that it was clearly a usable amount.

The defendant relies upon the case of *People v Jones,* 38 Mich App 512, 516–517; 196 NW2d 817, 819 (1972), as implicitly applying the *Harrington* test to a case for sale of narcotics, MCLA 335.152; MSA 18.1122. There, the Court wrote:

"The defendant contends that a reversal is required because of a remark by the prosecutor, in his opening statement, that possession of any amount of heroin was a violation of the law. The defendant relies on *People v Harrington,* 33 Mich App 548; 190 NW2d 343 (1971), where we held that when a defendant has been found in possession of minute quantities of heroin it must be determined, on all of the facts and circumstances of the case, that the quantity of narcotics actually discovered is a remnant of a larger usable amount.

"This case is distinguishable from *Harrington.* In *Harrington* the defendant was in possession of an amount of heroin that was clearly less than a usable amount. In this case the record clearly shows that a usable amount of heroin was involved. Furthermore, in this case the trial court instructed the jury that in order to be guilty the defendant must have had knowledge that he was dealing with heroin and the intent to deal with heroin."

Recently, in two cases, a panel of this Court has ruled upon whether the standard of *Harrington* applies in cases of unlawful sale of heroin. *People v Gaffney,* 51 Mich App 526; 215 NW2d 587 (1974), and *People v McCullough,* 51 Mich App 534; 215 NW2d 774 (1974). In *Gaffney,* p 529; 215 NW2d 589, the Court wrote:

*"Harrington's* rule, formulated in a possession case, should be limited in its application to cases of close fact similarity and to charges of possession. It is inapplicable to the case at bar which is a prosecution for sale.

"We reject the contention that the *Harrington* rule was extended to sale cases by *People v Jones,* 38 Mich App 512; 196 NW2d 817 (1972).

"We do so first because the *Jones* panel explicitly distinguished *Harrington* on the facts. Additionally, it incorporated a requirement which might generally be characterized as a guilty knowledge and an intent factor."

The panel in *McCullough,* p 536; 215 NW2d 775–776 said:

"Charges and cases involving sale of heroin are clearly distinguishable from those involving possession. The language in *Jones, supra,* provides the key to the distinction. In a sale case the *amount* of heroin may not always be of paramount importance. If an alleged seller were to agree to sell heroin and furnished a substance purporting to be heroin *which in fact contained heroin* it would not be argued that the evidence was insufficient to support a conviction merely because the seller cheated his customer by adulterating the goods. However, in a possession case a totally innocent person may have a trace of some contraband in his possession without realizing it. Refusal to give the requested instruction was not error." (Emphasis in original.)

The *Gaffney* and *McCullough* cases were cited with approval in *People v Koehler,* 54 Mich App 624; 221 NW2d 398 (1974), for the proposition that *Harrington* is inapplicable to prosecutions for sale *or* delivery of narcotics. See also *People v Stewart,* 52 Mich App 477, 485–486; 217 NW2d 894, 898 (1974).

In *Jones, supra,* the approved instruction stated that in order to be guilty the defendant had to have knowledge that he was dealing with heroin

and the intent to deal therewith. In the present case the trial court instructed the jury that the defendant had been charged with knowingly delivering a controlled substance. It said:

"[I]n order to convict the defendant of this crime, the prosecutor must have proven beyond a reasonable doubt each and all of the following elements:

"1. That the crime occurred on or about the 12th day of December, 1972, in Benton Township, Berrien County, Michigan.

"2. That this defendant intended to and did deliver a substance which, in fact, was heroin.

"3. That at the time and place the defendant knew the substance was, in fact, heroin."

Thus, it is readily apparent that the proper instructions were given, that an instruction based upon *Harrington* would have been incorrect, and that no error is present.

Affirmed.

All concurred.