PEOPLE v EDMONDS

Docket No. 78-605. Submitted April 9, 1979, at Lansing.—Decided
October 16, 1979. Leave to appeal applied for.

Defendant, Cleveland Edmonds, was convicted in the Lenawee
Circuit Court, Kenneth B. Glaser, J., of delivery of heroin, of
being a third-felony offender and a second-time violator of the
controlled substances act. Using both sentence-augmentation
statutes, the court sentenced defendant to 53 years and 4
months to 80 years. Defendant appeals alleging several errors.
*Held:*

1. It was not error for a trial court in a criminal case to deny
discovery of tapes of drug transactions other than the transac-
tion charged and occurring on other days; their production was
unnecessary to the preparation of a defense and irrelevant to
the interests of a fair trial.

2. Failure to object prior to or during trial to alleged irregu-
larities in a preliminary examination constitutes waiver of the
right to raise the issue on appeal.

3. The "same transaction" test for double jeopardy applies to
offenses which are part of one criminal transaction, committed
in a continuous time sequence and displaying a single intent
and goal.

4. Appellate review of an issue of entrapment is precluded
where the defendant made no effort to have the trial court pass
on the issue.

5. Matters which are not admissible on direct examination
may be used to impeach a defendant even where the impeach-
ment may require use of evidence of other crimes; thus, it was
not error to allow a prosecutor to ask a codefendant if he had

REFERENCES FOR POINTS IN HEADNOTES
[1] 23 Am Jur 2d, Depositions and Discovery §§ 157, 158, 307-324.
[2, 4] 5 Am Jur 2d, Appeal and Error § 726.
  21 Am Jur 2d, Criminal Law §§ 219, 446.
  28 Am Jur 2d, Estoppel and Waiver §§ 157, 158, 167.
[3] 21 Am Jur 2d, Criminal Law §§ 182, 183, 188, 189.
[5] 81 Am Jur 2d, Witnesses §§ 478-483.
[6] 39 Am Jur 2d, Habitual Criminals §§ 1, 30.

delivered heroin to an informant on specific dates in the presence of the defendant where the codefendant testified on direct examination that he had made no such deliveries in the presence of the defendant.

6. The controlled substances act was enacted to regulate the control, manufacture, production, sale, possession and use of controlled substances, with penalties for violation specifically delineated, and, as a specific and comprehensive measure, its sentence-augmentation provision controls over the general habitual offender statute. It was error to augment defendant's sentences by use of both statutes.

Affirmed and sentence modified.

1. CRIMINAL LAW — DISCOVERY.

It was not error for a trial court in a criminal case to deny discovery of tapes of drug transactions other than the transaction charged and occurring on other days; their production was unnecessary to the preparation of a defense and irrelevant to the interests of a fair trial.

2. CRIMINAL LAW — PRELIMINARY EXAMINATION — PRESERVING QUESTION — WAIVER OF OBJECTION — APPEAL AND ERROR.

Failure to object prior to or during trial to alleged irregularities in a preliminary examination constitutes waiver of the right to raise the issue on appeal.

3. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — "SAME TRANSACTION" TEST.

The "same transaction" test for double jeopardy applies to offenses which are part of one criminal transaction, committed in a continuous time sequence and displaying a single intent and goal.

4. APPEAL AND ERROR — PRESERVING QUESTION — CRIMINAL LAW — ENTRAPMENT.

Appellate review of an issue of entrapment is precluded where the defendant made no effort to have the trial court pass on the issue.

5. WITNESSES — CRIMINAL LAW — CROSS-EXAMINATION — IMPEACHMENT.

Matters which are not admissible on direct examination may be used to impeach a defendant even where the impeachment may require use of evidence of other crimes; thus, it was not error to allow a prosecutor to ask a codefendant if he had delivered heroin to an informant on specific dates in the presence of the

defendant where the codefendant testified on direct examination that he had made no such deliveries in the presence of the defendant.

6. CRIMINAL LAW — STATUTES — SENTENCE AUGMENTATION — HABITUAL CRIMINAL.

The controlled substances act was enacted to regulate the control, manufacture, production, sale, possession and use of controlled substances, with penalties for violation specifically delineated, and, as a specific and comprehensive measure, its sentence-augmentation provision controls over the general habitual offender statute (MCL 335.348, 769.11; MSA 18.1070[48], 28.1083).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney, for the people.

*Wilcox & Robison, P.C.* (by *Charles A. Robison* and *John M. Sims),* for defendant.

Before: V. J. BRENNAN, P.J., and BRONSON and CYNAR, JJ.

V. J. BRENNAN, P.J. Defendant, Cleveland Edmonds, appeals as of right from his jury conviction of delivery of heroin, contrary to MCL 335.341(1)(a); MSA 18.1070(41)(1)(a). Defendant was tried with Robert Elmore, who was also found guilty of delivery of heroin. Defendant was also found to be a third-felony offender, MCL 769.11; MSA 28.1083, and the trial court determined that defendant's conviction for delivery of a controlled substance was his second conviction under the controlled substances act. MCL 335.348; MSA 18.1070(48). Using both sentence-augmentation statutes, the trial court sentenced defendant to prison for from 53 years and 4 months to 80 years.

On the morning of April 22, 1977, Philip "Pete" Cagle, a heroin addict and police informant, met Officer Ralph Fogarty, a deputy with the Jackson

County Sheriff's Department, assigned to the narcotics unit. Cagle was fitted with a body transmitter and given $100 to purchase narcotics. Followed by Fogarty, Cagle drove to the apartments in the rear of the E & E Pool Parlor building in Adrian, Michigan. Cagle knocked on the door to codefendant Elmore's apartment where he found Elmore and the defendant. Cagle told Elmore that he wanted to buy $100 worth of heroin. Elmore had only five $10 packets of heroin. Defendant said, "I have got the rest". Defendant then gave Cagle 5 more packets and Cagle gave defendant the $100. Cagle then said, "Maybe I will be back to cop again * * * see you later". Defendant said, "okay". The packets were turned over to the authorities and this prosecution resulted.

Defendant raises several claims of error on appeal, the first being that the prosecutor deliberately suppressed and later destroyed tape recordings favorable to defendant. Before trial defendant brought a motion to produce which in pertinent part reads as follows:

"1. That in the Preliminary Examination Transcript and prior trial testimony, the informant testified that he was wired with a microphone and transmitter.

"2. If any recordings of any type or any notes taken from any person receiving transmission of the same were taken, the defendant feels they would exculpate this defendant.

"3. That if the Prosecution or any officer or persons have possession of the aforesaid they should be ordered to produce the same for defendant's inspection prior to the trial * * *."

At the hearing on defendant's motion the prosecutor attested to the fact that no tape recordings

of any buys from this defendant existed. The court denied defendant's motion to produce.

There is nothing in the record to indicate that there was a tape recording of the transaction that occurred on the morning of April 22, 1977. Tapes of conversations that took place on other days could have little bearing on the charged transaction. Their production was unnecessary to the preparation of the defense and irrelevant to the interests of a fair trial. *People v Jessee Smith,* 81 Mich App 190, 198; 265 NW2d 77 (1978).

Defendant next argues that the examining magistrate abused his discretion and denied defendant due process of law when he refused to grant defendant a continuance to allow defendant to procure retained counsel. However, defendant did not object before or during trial to the action of the examining magistrate, nor has he shown that he was prejudiced by the magistrate's refusal to grant a continuance. Under these circumstances the magistrate's action does not require reversal of defendant's conviction. See *People v Wilson,* 397 Mich 76; 243 NW2d 257 (1976), *People v Frederick Lester,* 78 Mich App 21; 259 NW2d 370 (1977), *People v Debreczeny,* 74 Mich App 391; 253 NW2d 776 (1977).

Defendant next challenges the validity of this conviction as violative of the double jeopardy clause. The informant made two purchases of heroin from defendant, one in the morning and one in the afternoon of April 22, 1977. Defendant was previously convicted of the afternoon buy and argued below that application of the "same transaction" test prohibits bringing of charges based on the earlier buy. We disagree.

The "same transaction" test for double jeopardy as set forth in *People v White,* 390 Mich 245; 212

NW2d 222 (1973), applies to offenses which are part of one criminal transaction, committed in a continuous time sequence and displaying a single intent and goal. In the present case although the deliveries occurred on the same day between defendant and the same informant, the record does not show any connection between them such as an agreement after the first delivery to return for another sale. We find no double jeopardy violation. *People v Cuellar,* 76 Mich App 20; 255 NW2d 755 (1977), *People v Martinez,* 58 Mich App 693; 228 NW2d 523 (1975).

Defendant next argues that the trial court's failure to *sua sponte* hold an entrapment hearing warrants reversal. Defendant made no effort to have the trial court pass on the issue of entrapment thus appellate review is precluded. See *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973).

We next address defendant's claim that it was improper for the prosecutor to confront the codefendant with instances when he had delivered heroin in the presence of defendant. The codefendant, Robert Elmore, testified that he had never sold heroin to the informant but had stored it for him on many occasions. On direct examination Elmore testified that he thought that defendant Edmonds was an informant and that he, Elmore, had made no deliveries of heroin in the presence of defendant.

On cross-examination the prosecutor asked Elmore if he had delivered heroin on specified dates to the informant in the presence of defendant. Over defendant's objection, the trial court ruled that the questions were proper to impeach the witness. We agree with this ruling. Matters which may not be admissible on direct examination may

be used to impeach a defendant. *People v Brown,* 399 Mich 350, 356; 249 NW2d 693 (1976). The prosecutor was not bound to refrain from attacking Elmore's statements, even though disproving the statement required evidence of other crimes that Elmore had committed.

We next consider the propriety of the lower court's use of both the habitual offenders statute, MCL 769.11; MSA 28.1083, and § 48 of the controlled substances act, MCL 335.348; MSA 18.1070(48), to increase the maximum term for delivery of heroin from 20 to 80 years. We hold such sentence enhancement to be improper.

The controlled substances act was enacted to regulate the control, manufacture, production, sale, possession, use, etc., of controlled substances, with penalties for violation of the act specifically delineated. As such the act represents this state's comprehensive policy toward the use of controlled substances. As a specific and comprehensive measure the act's sentence-augmentation provision controls over the general habitual offender statute. Accordingly the sentence on a second or subsequent drug offense is under the purview of § 48 of the controlled substance act exclusively.[1] In accordance with the above the defendant's sentence is reduced to 26 years 8 months to 40 years.

The remaining claims of error relating to the alleged bolstering of the prosecution's witness before attack and the alleged improper considerations at sentencing have not been preserved by

---

[1] It must be noted that application of the controlled substances act penalty augmentation is proper when the defendant is being sentenced on a drug conviction. If the defendant commits a nondrug felony after one or more drug convictions then the habitual offender act applies upon conviction of that nondrug felony. For other reasons which prohibit the use of the third-felony provision of the habitual offender act on the facts of this case see *People v Covington,* 70 Mich App 188; 245 NW2d 558 (1976).

proper objection below. See *People v Moore,* 395 Mich 643; 237 NW2d 464 (1976), *People v Powell,* 87 Mich App 192; 274 NW2d 16 (1978).

Defendant's conviction is affirmed with sentence reduced in conformity with this opinion.