PEOPLE v ELMORE

Docket No. 78-43. Submitted September 4, 1979, at Lansing.—Decided
     December 18, 1979.

Robert Elmore was convicted of delivery of heroin and of being a
     habitual offender, Lenawee Circuit Court, Kenneth B. Glaser,
     Jr., J. Defendant appeals, alleging that his sentence was im-
     properly enhanced by the use of both the habitual offender
     statute and the enhanced punishment provisions of the Con-
     trolled Substances Act and that the trial court erred by not
     instructing the jury on specific intent. *Held:*

     1. The trial court, by using both the habitual offender statute
     and the sentence-enhancing provision of the Controlled Sub-
     stances Act, increased the maximum prison term for delivery of
     heroin from 20 years to 80 years. The use of both statutes was
     improper, and the defendant's sentence is reduced to a maxi-
     mum of 40 years.

     2. No request was made at trial for an instruction on specific
     intent. The instructions which were given defined delivery to
     include both knowledge of the nature of the substance and an
     intent to deliver the substance to another. The instructions
     thereby properly informed the jury on the essential elements of
     the charged offense.

     Affirmed, and sentence modified.

1. DRUGS AND NARCOTICS — HABITUAL OFFENDERS — ENHANCED
          PUNISHMENT — STATUTES.

     Use of both the habitual offender statute and the enhanced
     punishment provisions of the Controlled Substances Act to
     increase the maximum prison term of a defendant from 20 to

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur 2d, Drugs, Narcotics and Poisons §§ 40, 48.
   21 Am Jur 2d, Criminal Law § 533 *et seq.*
   Review for excessiveness of sentence in narcotics case. 55 ALR3d
   812.
[2] 5 Am Jur 2d, Appeal and Error §§ 810, 891.
[3] 5 Am Jur 2d, Appeal and Error §§ 810, 894.
   75 Am Jur 2d, Trial § 719.

80 years for delivery of heroin is an improper enhancement of the sentence (MCL 335.348, 769.11; MSA 18.1070[48], 28.1083).

2. APPEAL AND ERROR — CRIMINAL LAW — INSTRUCTIONS TO JURY.

Generally, failure in a criminal trial to object to an instruction as given before the jury retires to deliberate precludes appellate review of the instruction; exceptions to this rule are recognized where failure to review the instructions for error would result in a miscarriage of justice or where the instructions omit an essential element of an offense.

3. DRUGS AND NARCOTICS — INSTRUCTIONS TO JURY — DELIVERY OF HEROIN — SPECIFIC INTENT.

Specific intent in a trial for delivery of heroin was properly covered in the court's instructions where the instructions, when viewed as a whole, defined delivery to include both knowledge of the nature of the substance and an intent to deliver that substance to another.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney (by *Leonard J. Malinowski,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

Robert Elmore, *in propria persona.*

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and CYNAR, JJ.

CYNAR, J. Defendant was convicted by a jury of delivery of a controlled substance (heroin), MCL 335.341(1)(a); MSA 18.1070(41)(1)(a), and of being an habitual offender, MCL 769.11; MSA 28.1083, and was sentenced under the above provisions and under MCL 335.348; MSA 18.1070(48), to 53 years 4 months to 80 years imprisonment. Defendant appeals as of right *in propria persona.*

Defendant initially contends that the lower court's use of both the habitual offender statute, MCL 769.11; MSA 28.1083 and § 48 of the controlled substances act, MCL 335.348; MSA

18.1070(48), to increase the maximum term for delivery of heroin from 20 to 80 years, was an improper enhancement of his sentence. We agree. *People v Edmonds,* 93 Mich App 129; 285 NW2d 802 (1979).[1] Therefore, in accordance with § 48 of the Controlled Substances Act, in effect at the time defendant was sentenced, an abatement of the sentence to 26 years 8 months to 40 years is in order. *People v Edmonds, supra,* at 135.

Next, defendant claims that reversible error was committed when his request for an instruction on specific intent was refused. He argues that the offense of which he was convicted, delivery of a

---

[1] We note that the conclusion reached on this question by the panel in *Edmonds* is further reinforced by the Legislature's subsequent amendment of MCL 769.11; MSA 28.1083, which now provides:

"Sec. 11. (1) If a person has been convicted of 2 or more felonies, attempts to commit felonies, or both, whether the convictions occurred in this state or would have been for felonies in this state if the convictions obtained outside this state had been obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction as follows:

"(a) If the subsequent felony is punishable upon a first conviction by imprisonment for a term less than life, then the court, except as otherwise provided in this section or section 1 of chapter 11, may sentence the person to imprisonment for a maximum term which is not more than twice the longest term prescribed by law for a first conviction of that offense or for a lesser term.

"(b) If the subsequent felony is punishable upon a first conviction by imprisonment for life, then the court, except as otherwise provided in this section or section 1 of chapter 11, may sentence the person to imprisonment for life or for a lesser term.

"(c) *If the subsequent felony is a major controlled substance offense, the person shall be punished as provided by Act No. 196 of the Public Acts of 1971, as amended.*

"(2) If the court pursuant to this section imposes a sentence of imprisonment for any term of years, the court shall fix the length of both the minimum and maximum sentence within any specified limits in terms of years or fraction thereof, and the sentence so imposed shall be considered an indeterminate sentence." (Emphasis added.) 1978 PA 77, immediately effective March 22, 1978.

Of course, we also note that the prior Controlled Substances Act, cited in the above statute, has been repealed and superseded by 1978 PA 368, effective September 30, 1978, the new Public Health Code, which in Part 74 thereof contains a modified sentence enhancement provision, *viz.,* MCL 333.7413; MSA 14.15(7413).

controlled substance, requires a specific intent to deliver, thus necessitating the giving of the omitted instruction.

The record indicates that defense counsel made no request for an instruction on specific intent, instead merely asking for one on delivery of a controlled substance. Counsel also approved the instructions as proposed and as given.

Generally, the failure to object to an instruction as given before the jury retires precludes appellate review of any claimed error therein. GCR 1963, 516.2. If a miscarriage of justice would result from a failure to review the instructions for error, the general rule does not obtain. *People v Haney,* 86 Mich App 311, 318; 272 NW2d 640 (1978), *inter alia.* So, too, reversible error may be found even in the absence of an objection where the charge omits an essential element of an offense. *People v Peoples,* 75 Mich App 616, 620; 255 NW2d 707 (1977), *People v Ashford,* 91 Mich App 693; 283 NW2d 830 (1979).

No Michigan case has spelled out the elements of the crime of which defendant was convicted. However, in the commentary to CJI 12:2:03, found at page 12-31, the commentators quote with approval the instructions on delivery of heroin given in *People v Dyson,* 56 Mich App 59, 64; 223 NW2d 364 (1974), which instructions include intent to deliver as an element of the offense.[2] It is worth

---

[2] The instruction approved in *Dyson* stated:

"[I]n order to convict the defendant of this crime, the prosecutor must have proven beyond a reasonable doubt each and all of the following elements:

"1. That the crime occurred on or about the 12th day of December, 1972, in Benton Township, Berrien County, Michigan.

"2. That this defendant intended to and did deliver a substance which, in fact, was heroin.

"3. That at the time and place the defendant knew the substance was, in fact, heroin," *Id.,* 64.

nothing that the Court in *Dyson* approved that instruction even though no separate instruction on specific intent was given. Nor does the use note to CJI 12:2:03 suggest an instruction on specific intent where, as here, an attempt is not alleged.

The instruction given in the instant case[3] was a combination of CJI 12:2:03 and the *Dyson* instruction. Reading and assessing the instructions as a whole,[4] we find that delivery was defined to include both knowledge of the nature of the substance and an intent to deliver the same to another. As such, the instruction did not fail to include an essential element of the charged offense, nor did the use of such instruction in charging the jury result in a miscarriage of justice. We find no error in failing to instruct on specific intent on these facts.

As defendant made no attempt to have the trial court rule on the issue of entrapment, appellate review is precluded. *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973), *People v Edmonds, supra,* 134.

Defendant's conviction is affirmed with his sentence reduced in conformity with this opinion.

Affirmed.

---

[3] The court charged the jury as follows:

"* * * To establish this charge the prosecution must prove each of the following elements beyond a reasonable doubt.

"First, that the substance involved in this case is, in fact, heroin.

"And second, that the Defendant knowingly delivered this substance.

"Delivery means that the Defendant transferred this substance to another person, knowing that the substance was heroin and intending to so deliver it to another person."

[4] *People v Choate,* 88 Mich App 40, 45; 276 NW2d 862 (1979).