PEOPLE v VELASQUEZ

Docket Nos. 55695, 55814. Submitted October 6, 1982, at Lansing.—
  Decided April 18, 1983.

  Jesse Velasquez was convicted of aiding and abetting the delivery
  of cocaine, conspiracy to deliver cocaine, and of being a second-
  felony offender, Bay Circuit Court, Ira W. Butterfield, J. Subse-
  quently, the court vacated the defendant's conviction for con-
  spiracy, *sua sponte*, on the basis of double jeopardy. The people
  appealed alleging that the defendant's convictions of both
  conspiracy to deliver cocaine and delivery of cocaine as an
  aider and abettor did not violate the prohibition against double
  jeopardy. The defendant also appealed, alleging that the trial
  court erred in instructing the jury that delivery of two separate
  mixtures, one of which contains a controlled substance and one
  of which does not, could be combined to meet the weight
  requirements for a single delivery of a controlled substance.
  The Court of Appeals consolidated the appeals. *Held:*

    1. The defendant's convictions of both aiding and abetting the
  delivery of cocaine and conspiracy to deliver cocaine are not
  precluded by the prohibition aganst double jeopardy.

    2. The trial court erred in instructing the jury that the
  weight of the contents of a bag which did not contain cocaine
  could be combined with the weight of the contents of a bag
  which did contain cocaine in order to arrive at a total mixture
  of over 50 grams. That instruction tainted the jury's verdicts on
  both the delivery and conspiracy charges. The defendant's
  convictions of delivery of cocaine and conspiracy to deliver
  cocaine should be reversed.

    Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Conspiracy § 37.
  21 Am Jur 2d, Criminal Law § 164.
  Conviction or acquittal of attempt to commit particular crime as
    bar to prosecution for conspiracy to commit same crime, or vice
    versa. 53 ALR2d 622.
[2] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 28, 29.

1. Cᴏɴᴛʀᴏʟʟᴇᴅ Sᴜʙsᴛᴀɴᴄᴇs — Aɪᴅɪɴɢ ᴀɴᴅ Aʙᴇᴛᴛɪɴɢ — Cᴏɴsᴘɪʀᴀᴄʏ.

A person may be convicted of both aiding and abetting the delivery of a controlled substance and conspiracy to deliver a controlled substance without violating the proscriptions of the Double Jeopardy Clause (US Const, Am V; Const 1963, art 1, § 15).

2. Aᴘᴘᴇᴀʟ — Jᴜʀʏ Iɴsᴛʀᴜᴄᴛɪᴏɴs.

The failure to object to an instruction to the jury precludes appellate review of any claimed error therein unless the failure to review the instruction would result in a miscarriage of justice (GCR 1963, 516.2).

3. Cᴏɴᴛʀᴏʟʟᴇᴅ Sᴜʙsᴛᴀɴᴄᴇs — Dᴇʟɪᴠᴇʀʏ — Mɪxᴛᴜʀᴇs.

A separate mixture not containing a controlled substance may not be added to another mixture containing a controlled substance in order to raise the total weight of a delivered mixture of a controlled substance where a defendant is charged with delivery of a controlled substance based upon delivery of two separate mixtures neither of which meets the weight requirement of a statute prohibiting the delivery of a certain amount of a controlled substance (MCL 333.7401; MSA 14.15[7401]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *R. Steven Whalen),* for defendant.

Before: Bᴇᴀsʟᴇʏ, P.J., and M. J. Kᴇʟʟʏ and W. S. Wʜɪᴛᴇ,* JJ.

Pᴇʀ Cᴜʀɪᴀᴍ. Defendant was charged with delivering between 50 and 225 grams of a mixture containing cocaine, MCL 333.7401; MSA 14.15(7401), under an aiding and abetting theory, MCL 767.39; MSA 28.979, and conspiracy to deliver between 50 and 225 grams of a mixture

* Circuit judge, sitting on the Court of Appeals by assignment.

containing cocaine, MCL 750.157a; MSA 28.354(1). Following trial by jury, defendant was found guilty of both charges. Defendant was then bench tried and found guilty on a supplemental information, charging defendant with being an habitual offender (second offense), MCL 769.10; MSA 28.1082. Subsequently, the trial court vacated defendant's conspiracy conviction *sua sponte* on the basis of double jeopardy, relying on *People v Jankowski,* 408 Mich 79; 289 NW2d 674 (1980). There was no change in defendant's sentence since he had been sentenced only on the delivery conviction. Both the prosecution and defendant appeal as of right.

The prosecution presents one issue on appeal, arguing that the constitutional double jeopardy protections do not foreclose convictions of both delivery of a controlled substance under an aiding and abetting theory and conspiracy to deliver a controlled substance. In *People v Carter,* 415 Mich 558; 330 NW2d 314 (1982), the Supreme Court reviewed federal and Michigan double jeopardy protections applicable to convictions for both aiding and abetting the commission of a crime and conspiracy to commit the same crime. The Court found no double jeopardy impediments to dual convictions. Although dealing with the crime of extortion rather than delivery of cocaine, the Court found that aiding and abetting and conspiracy were neither necessarily lesser included offenses nor cognate included offenses. The Court's reasoning is equally applicable here:

"Although both crimes involve concerted activity, the offenses are not of the same class or category. Nor do they appear to reflect a common statutory purpose. The conspiracy statute punishes the planning of the offense and focuses upon the alleged 'special dangers' resulting from group action. On the other hand, the aiding and

abetting statute punishes the actual commission of the crime." *Carter, supra,* p 586.

The convictions in the instant case of aiding and abetting the delivery of cocaine and conspiracy to deliver cocaine do not violate double jeopardy protections.

Defendant raises a host of issues on appeal, one of which requires us to vacate his convictions and remand for a new trial. Although defendant was charged with aiding and abetting the delivery of between 50 and 225 grams of a mixture containing cocaine, the charge was based on combining transfers of two separate bags, made a couple of hours apart, from the seller to the buyer. Although neither of those bags contained a mixture weighing over 50 grams, their combined weight was 54.83 grams.

The contents of both bags were analyzed by a laboratory scientist of the Narcotics Unit of the Michigan State Police Scientific Laboratory. She testified that she performed a number of different tests on the contents of the two bags. Initially, she performed a Marquis color test individually on the two samples. This test was done to determine whether either of the two mixtures contained amphetamines or opiate-type drugs. The test revealed that neither mixture contained traces of those drugs. Next, she performed a Cobalt thiocyanate color test, which, if positive, could indicate the presence of cocaine. The results of this test on each sample were positive. According to the scientist's testimony, however, the test is not specific and can indicate the presence of substances other than cocaines. The scientist then performed a platinum chloride microcrystalline test on each of the mixtures. The test revealed the formation of K crystals, a characteristic of cocaine. Under ques-

tioning by defense counsel, the scientist admitted that the K crystals could be characteristic of a substance other than cocaine as well, but she was quick to add that she was "not aware that these particular crystals are formed with anything else". In order to confirm her belief that the two mixtures contained cocaine, the scientist then mixed samples from the two bags together and "performed an extraction procedure and then a scan on the infrared Spectrophotometer" on the newly combined mixture. This test revealed the distinct chemical "fingerprint" of cocaine. The scientist then examined one of the two bags quantitatively, finding it to hold a mixture containing 43.4% cocaine. The second bag was not examined quantitatively. Finally, the scientist testified that she "determined that both samples of white powder showed the presence of cocaine".

During the jury's deliberations, the court revealed that it had received a note from the jury:

"We have had a communication from the jury as follows:
" 'Clarification: if bag 1(a) contains cocaine and if bag 1(b) contains flour, total weight exceeds 50 g, do we consider the total of 1(a) and 1(b) as one delivery?' "

After discussion with counsel, the court gave the jury additional instructions. As part of the charge, the court instructed:

"If you find a single delivery, the two bags can be combined even though one did not contain the cocaine and the other did."

Defense counsel did not object to this instruction.

Generally, the failure to object to an instruction precludes appellate review of any claimed error

therein. GCR 1963, 516.2. If a failure to review the instructions would result in a miscarriage of justice, however, the general rule does not apply. *People v Elmore,* 94 Mich App 304, 307; 288 NW2d 416 (1979).

The statute under which defendant was charged provides, in part, that:

"(1) Except as authorized by this article, a person shall not manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. * * *

"(2) A person who violates this section as to:

"(a) A controlled substance classified in schedule 1 or 2 which is either a narcotic drug or described in section 7214(a)(iv) and:

\* \* \*

"(iii) Which is in an amount of 50 grams or more, but less than 225 grams, of any mixture containing that substance is guilty of a felony and shall be either imprisoned for not less than 10 years nor more than 20 years or placed on probation for life." MCL 333.7401; MSA 14.15(7401).

A separate bag of flour, containing no trace of cocaine whatsoever, cannot be considered as part of a mixture containing cocaine. If one bag contains no cocaine, the contents of that bag have not been mixed with cocaine. We hold, therefore, that a separate mixture containing no cocaine cannot be added to another mixture containing some cocaine in order to raise the total weight of a delivered mixture of cocaine.

The jury's question to the court indicates that the jury may not have found beyond a reasonable doubt that both of the bags contained cocaine. If the jury had doubts, a manifest injustice occurred when the trial court instructed the jury that the weight of the contents of a bag which did not

contain cocaine could be combined with the weight of the contents of a bag which did contain cocaine in order to arrive at a total mixture of over 50 grams. The court's erroneous instructions tainted not only the jury's verdict on the delivery charge but on the conspiracy charge as well. If the jury doubted whether the second bag contained cocaine, it may well have doubted whether defendant conspired to deliver two bags which each actually contained cocaine. We, therefore, reverse defendant's convictions of delivery of between 50 and 225 grams of a mixture containing cocaine and conspiracy to deliver between 50 and 225 grams of a mixture containing cocaine. If the prosecution opts to retry on these charges defendant is entitled to a new trial. Otherwise, we remand for resentencing on the lesser included offenses of delivery of less than 50 grams of a mixture containing cocaine and conspiracy to deliver less than 50 grams of a mixture containing cocaine.

We have reviewed defendant's other assignments of error and find them to be without merit.

Reversed and remanded.