VIVIANO, J.
(concurring in the result only). I agree with the majority’s conclusion that defendant’s conviction of failing to comply with the Sex Offenders Registration Act (SORA),[1] second offense, under MCL 28.729(l)(b) (SORA-2), is subject to sentence enhancement under the second-offense habitual-offender provision, MCL 769.10(l)(a). I would, however, reach that conclusion on more limited grounds and therefore concur in the majority’s result only.
The Court of Appeals held that the trial court erred by sentencing defendant as a second-offense habitual offender to a 10.5-year maximum for his SORA-2 conviction solely on the basis of his prior conviction *328 under MCL 28.729(l)(a) (SORA-1).[2] In so doing, the Court of Appeals concluded, among other things, that MCL 28.729(1), which delineates SORA-1, SORA-2, and SORA-3,[3] sets forth one offense with escalating punishments for repeat convictions.[4] Before this Court, the prosecution argued: (1) that SORA-1, SORA-2, and SORA-3 are separate and distinct chargeable offenses—not one offense with escalating punishments as the Court of Appeals held; and (2) that nothing precluded the trial court from using defendant’s prior conviction of SORA-1 to both support his SORA-2 conviction and enhance his sentence as a second-offense habitual offender.
The majority spends a significant portion of the opinion discussing the prosecution’s first argument— i.e., whether SORA-2 is a separate felony subject to habitual-offender enhancement. However, I see no need to do so because defendant conceded that point before this Court by admitting that habitual-offender enhancement of a SORA-2 sentence is permissible in certain circumstances.[5] And in conceding the issue, defendant provided no briefing on it, leaving this Court *329 without a full discussion of the arguments that may run counter to the prosecution’s position.[6] In light of this lack of briefing, I would leave open for another day the question whether MCL 28.729(1) creates separate offenses or only one offense with escalating punishments and instead rely on defendant’s concession to hold that, for the purposes of this case only, SORA-2 constitutes a separate felony offense subject to habitual-offender enhancement.
Given defendant’s concession regarding the prosecution’s first argument, we need only answer whether defendant’s SORA-1 conviction can be used as support for both convicting him of SORA-2 and enhancing his sentence as a second-offense habitual offender. While I *330 am troubled by the prosecution’s ability to do so, I nonetheless agree with the majority’s conclusion that it is permissible in this case. Nothing in the plain language of MCL 28.729 or MCL 769.10 prohibits the prosecution or the court from using defendant’s SORA-1 conviction to support a double enhancement. And in this area of the law, the Legislature’s silence is significant since, as the majority recognizes, the Legislature has clearly demonstrated that it knows how to exclude certain offenses from habitual-offender enhancement.[7] First, in the habitual-offender provisions, the Legislature has excluded habitual-offender enhancement of subsequent felonies that are major controlled substance offenses.[8] Second, in various acts throughout our statutory scheme, the Legislature has precluded use of the same prior conviction for double enhancement.[9] However, even though the Legislature knows how to do so, it chose not to exclude convictions under MCL 28.729(1) from double enhancement. Therefore, assuming for this case only that SORA-2 is a separate offense, I agree with the majority that nothing precludes the trial court from using defendant’s SORA-1 conviction to both support his SORA-2 conviction and enhance his sentence as a second-offense habitual offender.[10]
*331 Accordingly, I agree that the trial court did not err when it sentenced defendant as a second-offense habitual offender to a 10.5-year maximum sentence for his SORA-2 conviction. However, I would limit that holding to this case for the reasons stated here and not decide whether SORA-2 is a separate offense subject to habitual-offender enhancement because the issue was conceded by defendant. Thus, I concur in the result only.
Bernstein, J., concurred with Viviano, J.

 MCL 28.721 et seq.

 People v Allen, 310 Mich App 328, 349; 872 NW2d 21 (2015).

 MCL 28.729(1)(c).

 Allen, 310 Mich App at 350.

 Defendant’s brief on appeal states, “In other words, had some other prior felony conviction (other than the previous conviction for Failing to Comply with SORA) been used to charge Mr. Allen as a 2nd Felony Habitual Offender, he could have been sentenced to a maximum of 10.5 years.” Defendant’s brief further states:
Admittedly, the prosecution’s arguments have some validity under certain circumstances. If the prosecution had relied upon a different prior (underlying) felony conviction, aside from the prior failure to comply with SORA (which elevated both the underlying offense to a 2nd offense and the sentence maximum from four years to seven years .. .), then the prosecution would have a valid argument.

 For example, a reasonable argument can be made that even though the sentencing guidelines suggest that SORA-1, SORA-2, and SORA-3 are separate offenses, the plain language of MCL 28.729(1) indicates that they are nothing more than provisions for increased punishments. See People v Fetterley, 229 Mich App 511, 540-541; 583 NW2d 199 (1998) (“Where the legislative scheme pertaining to the underlying offenses elevates the offense, rather than enhances the punishment, on the basis of prior convictions, both the elevation of the offense and the enhancement of the penalty under the habitual offender provisions is permitted.”) (emphasis added). There is also an interesting distinction between MCL 28.729(1) and the statutes at issue in People v Bewersdorf, 438 Mich 55; 475 NW2d 231 (1991). SORA-1, SORA-2, and SORA-3 are all felonies with only increased punishment as their distinctions, whereas the drunk-driving provisions at issue in Bewers-dorf escalated the severity of the offense from a 90-day misdemeanor, to a one-year misdemeanor, to a felony. Id. at 64, 71. Finally, a plausible argument may be made that SORA is a standalone act not subject to habitual-offender enhancement. See People v Edmonds, 93 Mich App 129, 135; 285 NW2d 802 (1979) (“As such, [the former Controlled Substances Act, former MCL 335.301 et seq.] represents this state’s comprehensive policy toward the use of controlled substances. As a specific and comprehensive measure the act’s sentence-augmentation provision controls over the general habitual offender statute.”); see also People v Honeycutt, 163 Mich App 757, 761-762; 415 NW2d 12 (1987).

 Ante at 317-318.

 See, e.g., MCL 769.10(l)(c) (“If the subsequent felony is a major controlled substance offense, the person shall be punished as provided by part 74 of the public health code, 1978 PA 368, MCL 333.7401 to 333.7461.”).

 For example, MCL 750.356c(6), which pertains to first-degree retail fraud, reads, “If the sentence for a conviction under this section is enhanced by 1 or more prior convictions, those prior convictions shall not be used to further enhance the sentence for the conviction pursuant to [the habitual-offender statutes].” See also ante at 317.

 See People v Miller, 498 Mich 13, 24-25; 869 NW2d 204 (2015).