PEOPLE v MARTINEZ

1. CRIMINAL LAW—DOUBLE JEOPARDY—SAME TRANSACTION TEST—
   CONSTITUTIONAL LAW.

   The "same transaction" test for double jeopardy applies to of-
   fenses which are part of one criminal transaction, committed in
   a continuous time sequence and displaying a single intent and
   goal.

2. DRUGS AND NARCOTICS—HEROIN—SALE OF HEROIN—DOUBLE JEOP-
   ARDY—SEPARATE TRANSACTIONS—CONSTITUTIONAL LAW.

   Two deliveries of heroin to the same police undercover agent
   during the course of a continuous undercover investigation
   constituted separate transactions, and therefore a defendant's
   plea-based conviction for the second delivery did not place him
   twice in jeopardy, where nine days separated the two sales, the
   amounts involved were substantially different, and there was
   no connection between them such as an agreement after the
   first delivery to return for another sale.

Appeal from Macomb, Hunter D. Stair, J. Sub-
mitted Division 2 January 7, 1975, at Lansing.
(Docket No. 18769.) Decided February 13, 1975.

Alberto J. Martinez was convicted, on his plea of
guilty, of possession of heroin. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Thaddeus I. Hamera,* Chief
Appellate Lawyer, and *Don L. Milbourn,* Assistant
Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 182.
[2] 21 Am Jur 2d, Criminal Law § 183.

*Reinowski & Panzer, P. C.,* for defendant on appeal.

Before: Danhof, P. J., and McGregor and Walsh, JJ.

Per Curiam. The defendant pled guilty on September 7, 1973, to possession of heroin, contrary to MCLA 335. 341(1)(a); MSA 18.1070(41)(1)(a), and was sentenced to serve 2 years and 8 months to 4 years in prison.

On February 20, 1973, a Michigan State Police undercover agent purchased a quantity of heroin from the defendant. A warrant was issued a few days later, and then on March 1, 1973, a much larger purchase was made by the same trooper.

A preliminary examination on April 5, 1973, and an arraignment on May 1, 1973, were held on both charges. For the first sale, a trial was held at which defendant was found guilty on July 24, 1973. An appeal from this conviction is also pending before this Court at the present time. It is the second charge (for the March 1 delivery) to which the defendant pled, which is challenged in the instant case. The appeal is taken as of right.

The defendant relies principally on *People v White,* 390 Mich 245; 212 NW2d 222 (1973), for his contention that the two heroin deliveries should be viewed, for purposes of double jeopardy, as one transaction. According to the rule announced in that case, both deliveries should have been joined at one trial. Since *White* was decided after the defendant's plea was accepted, it is urged that the Supreme Court's adoption of the "same transaction" test for double jeopardy be given retroactive effect. Since we have determined that *White* is factually inapposite here, we decline to pass on the issue of retroactivity.

The defendant in *White* had been convicted by a jury in Wayne County Circuit Court on the charge of kidnapping, MCLA 750.349; MSA 28.581. A subsequent jury conviction in Detroit Recorder's Court on the charges of rape, MCLA 750.520; MSA 28.788, and felonious assault, MCLA 750.82; MSA 28.277, was overturned by the Supreme Court because the latter two crimes had been committed during the course of the kidnapping.

The three offenses were held to be a part of one "criminal transaction * * * committed in a continuous time sequence and display[ing] a single intent and goal * * * ". *People v White, supra,* at page 259.

The deliveries of heroin in the instant case were made to the same agent during the course of a continuous undercover investigation. But these facts alone do not relate the events intimately enough so as to characterize them as being a part of a single transaction under the test adopted in *People v White.* Nine days separated the two sales in the instant case; the amounts involved were substantially different; and the record does not disclose any connection between them, such as an agreement after the first delivery to return for another sale.

We hold that the two deliveries therefore constituted separate transactions and that the defendant's plea-based conviction for the second delivery did not place him twice in jeopardy. *People v White, supra.*

The conviction is therefore affirmed.