PEOPLE v CUELLAR

1. CRIMINAL LAW—SAME TRANSACTION RULE—DEFINITION—JOINDER.
   Criminal charges against a defendant arise out of the same transaction and must be joined at one trial where the crimes, when criminal intent is required for the crimes involved, are committed in a continuous time sequence and display a single criminal intent and goal.

2. CRIMINAL LAW—SAME TRANSACTION RULE—SEPARATE SALES OF HEROIN—JOINDER.
   Five sales of heroin by a defendant to an undercover police officer do not reveal a single intent and goal where each sale involved an intent by defendant to deliver different heroin and there was no evidence that the defendant intended to deliver a large amount of heroin by making several small sales; therefore, separate prosecutions for the sales are not required to be joined in one trial.

3. CRIMINAL LAW—DEFENSE OF ENTRAPMENT—TRIAL JUDGES.
   The defense of entrapment is to be decided by the trial judge and not the jury.

4. CRIMINAL LAW—DEFENSE OF ENTRAPMENT—BURDEN OF PROOF— PREPONDERANCE OF EVIDENCE.
   A defendant must establish the defense of entrapment by a preponderance of the evidence.

5. CRIMINAL LAW—DEFENSE OF ENTRAPMENT—SUBMISSION TO JURY— REVERSIBLE ERROR.
   Submission of the issue of entrapment to the jury was not reversible error where (1) the trial court had already rejected the entrapment defense, (2) defendant induced the submission of the issue to the jury, (3) defendant did not testify, and (4) defendant was not prejudiced.

Appeal from Lenawee, Rex B. Martin, J. Submit-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 8, 183, 188.
[3–5] 21 Am Jur 2d, Criminal Law § 143 *et seq.*

ted March 8, 1977, at Lansing: (Docket No. 22287.)
Decided June 6, 1977. Leave to appeal applied for.

Louis J. Cuellar was convicted of possession of
heroin with intent to deliver. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Harvey A. Ko-
selka,* Prosecuting Attorney (Prosecuting Attor-
neys Appellate Service, *Thomas C. Nelson,* Assist-
ant Attorney General, of counsel), for the people.

*Kathleen M. Cummins,* Assistant State Appel-
late Defender, for defendant.

Before: QUINN, P. J., and BRONSON and M. J.
KELLY, JJ.

BRONSON, J. Defendant was convicted by a jury
on August 13, 1974, of possession with intent to
deliver heroin. MCLA 335.341(1)(a); MSA
18.1070(41)(1)(a). On the same date, he was con-
victed on a supplemental information charging
him as an habitual offender. On September 12,
1974, defendant was sentenced to a prison term of
from 25 to 40 years.

Defendant first claims that the prosecution in
this case was barred by former jeopardy, relying
primarily on *People v White,* 390 Mich 245; 212
NW2d 222 (1973). Defendant refers to his Febru-
ary 26, 1974 conviction of possession with intent to
deliver heroin and asserts that the former convic-
tion precluded trial on this charge.

The charge in this case was based on a sale of
heroin which occurred on July 19, 1973. The Feb-
ruary 26, 1974 conviction was based on a sale
occurring on August 24, 1973. Both of these sales,

plus three others on July 18, August 13, and August 22, 1973, were to the same Michigan State Police undercover agent. The first four sales were of relatively small amounts ranging from 1/4 ounce to one ounce. The August 24 sale was of 22 ounces and defendant was arrested immediately after that sale and charged separately for the last four sales.

Defendant argues that the sales were all part of one "unitary supply contract" between defendant and the undercover officer and that the July 19 sale was really only a "preliminary step or negotiation leading to the August 24 offense". Consequently, it is argued, all sales were part of the same transaction and all prosecutions were required to be joined in one trial pursuant to *White, supra.* We disagree.

As the author of the first appellate opinion to adopt the "same transaction" test for double jeopardy in Michigan, *People v White,* 41 Mich App 370; 200 NW2d 326 (1972), *aff'd* 390 Mich 245; 212 NW2d 222 (1973), I can say with some authority that it was never intended to apply to the type of situation presented here. Moreover, upon reexamining my opinion in *White,* and those later opinions of the Supreme Court adopting and refining the "same transaction" test, I find no support for this defendant's claim of former jeopardy.

Thus, in the recent case of *Crampton v 54-A District Judge,* 397 Mich 489, 501–502; 245 NW2d 28 (1976), the Supreme Court elaborated on the criteria to be used to determine whether two or more offenses arose out of the same criminal transaction so as to mandate joinder at a single trial:

"Where criminal intent is required in the offenses involved, the criterion set forth in *White* applies: 'con-

tinuous time sequence and display [of] a single intent and goal.' "

Leaving aside the amount of time between the two sales, the facts here do not reveal a "single intent and goal" by defendant for the July 19 and August 14 sales. Rather, each sale involved an intent by defendant to deliver different heroin. From defendant's point of view, the best that can be said in this regard is that the earlier sales went off smoothly and gave him no reason not to engage in further dealings with the undercover officer. Granting that defendant may have intended to develop an ongoing relationship which would provide him with a regular customer is not sufficient in itself to render the separate sales part of a single transaction within the meaning of *White.*

The state police may have had a single goal or purpose in taking part in all five sales, as evidence tended to show that they wished to discover how big a dealer defendant really was and who his sources were. But we see no evidence of a single objective, goal or intent by defendant which would render the series of sales a single transaction, with the possible exception of the July 18 and 19 sales, where a sample was sold on the 18th with a view towards completing the sale on the 19th.[1] There is no evidence that defendant intended to deliver some large amount of heroin by making several small sales rather than one large sale. The July 19 and August 24 sales were independent transactions, complete in themselves, and double jeopardy provided no bar to the instant prosecution. Compare *People v Martinez,* 58 Mich App 693; 228 NW2d 523 (1975), approved in *Crampton, supra,* at 502, fn 8.

---

[1] Defendant was never separately charged for the July 18, 1973 sale.

Defendant next claims that reversible error occurred when his defense of entrapment was submitted to the jury. We find that no prejudicial error occurred.

It is well established in this Court that the defense of entrapment is to be decided by the trial judge rather than the jury. *People v Habel (On Rehearing),* 53 Mich App 399; 220 NW2d 74 (1974), *People v Sheline,* 64 Mich App 193; 235 NW2d 177 (1975), *lv granted* 395 Mich 817 (1975). But in this case the trial judge ruled on the entrapment issue on two separate occasions.

The first ruling was made prior to trial on a motion to quash information based on the preliminary examination testimony of the undercover officer. In a written opinion dated November 19, 1973, the court ruled that entrapment had not been shown at the preliminary examination.

Subsequently, after the prosecution had rested at defendant's trial, defendant moved for a directed verdict and/or a dismissal based on entrapment. The motion was taken under advisement, the defense rested immediately without presenting testimony or evidence, and the case was submitted to the jury. At the request of the defense, and over objection by the prosecution, the defense of entrapment was submitted to the jury. The jury was instructed on the objective standard for determining entrapment, *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973), and were told that the prosecutor had the duty to negate entrapment beyond a reasonable doubt. The jury returned a verdict of guilty.

The trial judge then ruled on the entrapment issue. In a written opinion dated August 19, 1974 and filed the following day, the court denied the motions which had been taken under advisement.

The court found that the police had merely presented defendant with an opportunity to commit the crime and concluded that no entrapment had been shown as a matter of fact or law.

It is clear on a review of the entire record that the submission of the entrapment issue to the jury was not only induced by defendant, but resulted in no prejudice to him and in fact benefited him beyond that to which he was entitled. The trial court's rejection of the entrapment defense was clearly correct and his ruling should have been the end of the matter. The defendant was given an additional opportunity to prevail on the issue when the issue was submitted to the jury. *People v McNeal,* 72 Mich App 507; 250 NW2d 110 (1976), *People v Cancino,* 70 Mich App 90; 245 NW2d 414 (1976). Indeed, defendant was given a most favorable instruction when the jury was told that the prosecutor was required to rebut the defense of entrapment beyond a reasonable doubt, when in fact it is defendant's obligation to establish entrapment by a preponderance of the evidence. *People v Stanley,* 68 Mich App 559; 243 NW2d 684 (1976). Since defendant did not testify, we do not find any prejudice from giving the issue to the jury. *Cf. Sheline, supra,* at 199–200, fn 5.

Defendant raises a number of additional issues on this appeal. We have reviewed the claimed errors and find that none require reversal or discussion.

Affirmed.