PEOPLE v PAYNE

Docket No. 111884. Submitted April 17, 1989, at Lansing. Decided June 6, 1989. Leave to appeal applied for.

The defendants, James D. Payne, D.O., and James D. Payne, D.O., P.C., were bound over to the Bay Circuit Court on seventeen counts of a complaint. The prosecutor subsequently amended one count, alleging that defendants, using a common plan or scheme to defraud the Medicaid program, knowingly made or presented, or caused to be made or presented, numerous false claims to employees of the Medicaid program, and another count, alleging that defendants, using a common plan or scheme to defraud Blue Cross and Blue Shield of Michigan, knowingly made or presented, or caused to be made or presented, numerous false claims to Blue Cross and Blue Shield, by attaching a list of the alleged 505 false claims upon which the information was based. The trial court, Eugene C. Penzien, J., granted defendants' motion to dismiss the amended information as to the two counts based upon a common plan or scheme theory. The people appealed.

The Court of Appeals *held*:

It was not appropriate in this case to charge defendants under the common plan or scheme counts. Each of the alleged 505 false claims constitutes a separate offense and must be tried as such. The mere fact that the defendants may have committed multiple violations of a statute does not permit charging under a common plan or scheme theory.

Affirmed.

1. CRIMINAL LAW — FALSE CLAIMS — MEDICAID — HEALTH CARE CORPORATIONS.

The statutes which make it illegal to submit a false claim under the Medicaid statutes or to a health care corporation or insurer focus on the submission of a false claim; therefore, each claim

REFERENCES

Am Jur 2d, Welfare Laws §§ 38-41.

Imposition of civil penalties, under state statute, upon medical practitioner for fraud in connection with claims under medicaid, medicare, or similar welfare programs for providing medical services. 32 ALR4th 671.

which is false constitutes a separate offense and must be tried as such (MCL 400.607[1], 752.1003[1]; MSA 16.614[7][1], 28.547[103][1]).

2. CRIMINAL LAW — PROSECUTING ATTORNEYS — COMMON PLAN OR SCHEME THEORY.

The mere fact that a defendant may have committed multiple violations of a statute does not permit the charging of the defendant under a common plan or scheme theory; the prosecutor's discretion to charge under a common plan or scheme theory is limited by the potential dangers to the defendant, such as subjecting the defendant to double jeopardy, prejudicing him by evidentiary rulings during trial, and the possibility that he may be convicted on less than a unanimous verdict.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Frank J. Monticello,* Assistant Attorney General, for the people.

*Catchick & Dodge* (by *James M. Catchick* and *David A. Dodge*), for defendants.

Before: SULLIVAN, P.J., and SAWYER and MARILYN KELLY, JJ.

SAWYER, J. The people appeal from an order of the circuit court dismissing the amended informations on two counts of the complaint against defendants. We affirm.

The prosecutor filed a nineteen-count complaint in district court charging defendants with one count of conspiracy to defraud Medicaid, MCL 400.606; MSA 16.614(6), one count of conspiracy to defraud a health care corporation, MCL 752.1005; MSA 28.547(105), five counts of billing the Medicaid program for services rendered by nonmedically-trained office staff, MCL 400.607; MSA 16.614(7), five counts of billing the Medicaid program for anesthesiology services not rendered, MCL 400.607; MSA 16.614(7), and five counts of billing Blue Cross and Blue Shield of Michigan for

anesthesiology services not rendered, MCL 752.1003; MSA 28.547(103). Additionally, the following two counts were also charged:

> In Bay City, Michigan, between the dates of February 1, 1986 and April 1, 1987, Defendants James D. Payne, D.O., P.C., and James D. Payne, D.O., using a common plan or scheme to defraud the State of Michigan, Medicaid program, knowingly made or presented, or caused to be made or presented, numerous false claims to employees of the State of Michigan, Medicaid Program, contrary to MCL 400.607(1).
>
> (MAXIMUM PENALTY: 4 years and/or $50,000 fine)
>
> In Bay City, Michigan, between the dates of February 1, 1986 and April 1, 1987, Defendants James D. Payne, D.O., P.C., and James D. Payne, D.O., using a common plan or scheme to defraud Blue Cross/Blue Shield of Michigan, a health care corporation, knowingly made or presented, or caused to be made or presented, numerous false claims to Blue Cross/Blue Shield of Michigan, contrary to MCL 752.1003(1).
>
> (MAXIMUM PENALTY: 4 years and/or $50,000 fine).

The district court dismissed two of the original counts; however, the two above-quoted counts remained. Furthermore, only those two counts are relevant to this appeal.

The prosecutor subsequently amended the above-quoted counts by attaching a list of the alleged false claims upon which the informations were based. A total of 505 false claims were listed in support of the information. However, the trial court subsequently granted defendants' motion to dismiss the amended informations for those two counts, concluding both that the charged crime, i.e., common plan or scheme, does not exist and, even if it did, the prosecutor would have had to establish the crimes at the preliminary examination.

On appeal, the people argue that they are permitted to aggregate separate violations of the law and charge one count alleging a "common plan or scheme." As noted above, the common plan or scheme charged in the instant case was based upon the alleged 505 false claims submitted by defendants between November 3, 1986, and April 1, 1987.

Some courts have accepted the concept of aggregating separate or ongoing violations of a statute into one count, alleging a common plan or scheme. The federal courts have permitted this under the federal mail and wire fraud statutes,[1] *United States v Robinson,* 651 F2d 1188 (CA 6, 1981), and for traveling in interstate commerce with the intent to carry on an unlawful gambling activity in violation of the Travel Act,[2] *United States v Alsobrook,* 620 F2d 139 (CA 6, 1980). However, there do not appear to be any decisions by a Michigan court which have specifically addressed the propriety of aggregating separate violations into one count under a "common plan or scheme" theory. The case relied upon by the people, *People v Lee,* 134 Mich App 278; 351 NW2d 294 (1984), did not specifically consider the propriety of charging a defendant under a common plan or scheme theory. Rather, the *Lee* Court considered a res gestae issue in such a case.

While we are not prepared to say that there are no circumstances under which a defendant may be charged under a common plan or scheme count, we do not believe that the charging of defendants in the case at bar under the common plan or scheme counts is appropriate. MCL 400.607(1); MSA 16.614(7)(1) makes it illegal to submit a false claim under the Medicaid statutes. Similarly, MCL

[1] 18 USC 1341, 1343.
[2] 18 USC 1952.

752.1003(1); MSA 28.547(103)(1) makes it illegal to submit a false claim to a health care corporation or insurer. Because the statutes focus on submission of a false claim, each claim which is false constitutes a separate offense and must be tried as such.

The mere fact that a defendant may have committed multiple violations of a statute does not permit a charging under a common plan or scheme theory. As the Court noted in *Alsobrook, supra* at 142, there are limits on the ability to charge under a common plan or scheme theory and the prosecutor's discretion to do so is limited by the potential dangers to the defendant, such as subjecting the defendant to double jeopardy, prejudicing him by evidentiary rulings during trial, and the possibility that he may be convicted on less than a unanimous verdict.

Turning to the case at bar, we believe that the dangers of adverse evidentiary rulings and conviction by less than a unanimous jury are very real in the instant case. That is, by charging defendants with one count under a common plan or scheme theory but supporting that count by reference to 505 allegedly false claims submitted by defendants, the people will be relieved of the burden of having to establish beyond a reasonable doubt that defendants submitted each of those 505 claims knowing them to be false, while at the same time avoiding the restrictions under MRE 404(b) on presenting evidence of other crimes, wrongs or bad acts. Similarly, it is conceivable that a jury presented with 505 allegedly false claims could convict defendants without all of the jurors agreeing on even one of the claims' actually being false.

We believe that the language of the statute

contemplates that each submission of a false claim constitutes a criminal act, as opposed to making some ongoing conduct criminal activity. Simply put, if the people wish to overwhelm the jury with evidence of 505 violations of the statutes against submitting false claims, it will have to charge 505 violations, have defendants bound over on 505 counts, and receive a unanimous verdict on each count.

For the above reasons, we conclude that the trial court was correct in dismissing the two counts based upon a common plan or scheme theory.

Affirmed.