PEOPLE v COLLINS

Docket No. 305238. Submitted October 2, 2012, at Detroit. Decided
    November 15, 2012, at 9:00 a.m. Leave to appeal sought.

Jesse A. Collins was convicted by a jury in the Oakland Circuit Court of
    delivery of 50 grams or more, but less than 450 grams, of heroin, MCL
    333.7401(2)(a)(*iii*), possession with intent to deliver less than 50
    grams of heroin, MCL 333.7401(2)(a)(*iv*), possession with intent to
    deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), and
    conspiracy to deliver and/or possess with intent to deliver less than 50
    grams of cocaine and/or heroin, MCL 333.7401(2)(a)(*iv*). The court,
    Martha D. Anderson, J., sentenced defendant as a third-offense
    habitual offender to concurrent terms of 10 to 40 years in prison.
    Defendant appealed.

The Court of Appeals *held*:

1. The elements of delivering 50 grams or more, but less than
450 grams of heroin, MCL 333.7401(2)(a)(*iii*), are the delivery of
50 grams or more, but less than 450 grams of heroin or a mixture
containing heroin, with the knowledge that he or she was deliver-
ing heroin. Under MCL 333.7105(1), the words "deliver" or
"delivery" are defined as the actual, constructive, or attempted
transfer from 1 person to another of a controlled substance; the
singular form of "transfer" indicates that delivery refers to a single
transfer, not multiple transfers over a period of time. Under MCL
333.7401(2)(a), the level of charges for the manufacturing, creat-
ing, delivering, or possession with intent to manufacture, create,
or deliver a schedule 1 or 2 controlled substance are differentiated
on the basis of the amount of the controlled substance involved; a
more severe punishment is imposed on those who manufacture,
create, deliver, or possess greater amounts. Because the prosecutor
inappropriately aggregated the amounts of defendant's various
small deliveries on separate occasions to support the level of
offense charged, there was insufficient evidence to support defen-
dant's conviction of delivering 50 grams or more, but less than 450
grams, of heroin. The Legislature's decision to differentiate be-
tween controlled substance offenses on the basis of the quantity of
the controlled substance involved would be undercut if the pros-
ecutor were allowed to aggregate multiple small deliveries, and the

word "delivery" denotes a single transfer, not multiple transfers over a period of time. The prosecution inappropriately aggregated the individual transactions under a continuing-course-of-conduct theory; the amount of controlled substance actually delivered is significant in a delivery case, not the amount the defendant and his coconspirators agreed to deliver.

2. An arrest that is statutorily invalid under MCL764.2a(1), which limits the authority a peace officer may exercise outside his jurisdiction, is not necessarily unconstitutional and does not automatically trigger the exclusionary rule as related to the suppression of evidence. The Legislature did not intend for the exclusionary rule to apply in this circumstance because the statute was intended to protect the rights and autonomy of local governments, not to protect criminal defendants. The circuit court did not err by denying defendant's motion to suppress the evidence seized from the search of his car on the basis that the arrest was statutorily invalid.

3. An investigative stop is permissible under the Fourth Amendment, US Const Am IV, if the officer has a reasonable, articulable suspicion that criminal activity is occurring. Reasonableness is determined on a case-by-case basis on a totality of the facts and circumstances and fewer foundational facts are necessary when a moving vehicle is involved. The circuit court did not err by denying defendant's motion to suppress evidence seized from his car because the officers had a reasonable, articulable suspicion that criminal activity was occurring.

4. Trial counsel was not ineffective for failing to investigate the informant's criminal background, or to request a pretrial credibility hearing to impeach him. Defendant failed to provide any factual support for his claim that the informant may have had a prior conviction involving dishonesty and because credibility is a jury's determination it would have been improper for the circuit court to make that determination before trial and block the testimony on that basis.

5. Under MCR 6.120(C), a court is required to sever for separate trials offenses that are not related as defined in subrule (B)(1). MCR 6.120(B)(1)(b) provides that offenses are related if they are based on a series of connected acts. Trial counsel was not ineffective for failing to move to sever the charge of delivery of 50 grams or more, but less than 450 grams, of heroin from the remaining, lesser charges. A motion to sever the charges would have been meritless because the multiple deliveries in this case, while separate crimes, were connected acts for purposes of MCR 6.120(B)(1)(b) and (C).

6. Under US Const, Am VI, an accused has the right to counsel for his defense during all critical stages of a criminal prosecution. A bond revocation hearing is not a critical stage in a criminal prosecution because it has no effect on the determination of the defendant's guilt or innocence. Defendant was not entitled to the presence of counsel during his bond revocation hearing because the bond revocation hearing was not a critical stage in the proceeding and was independent from his jury trial.

7. Defendant's right to be present at all proceedings was not violated when he was not present at the hearing on his motion to quash. Defendant was represented by counsel at that hearing and his counsel waived defendant's presence at the hearing.

Conviction of delivering 50 grams or more, but less than 450 grams, of heroin vacated, remaining convictions affirmed, and case remanded for resentencing on the lesser offenses.

CONTROLLED SUBSTANCES — CHARGES — AMOUNT OF CONTROLLED SUBSTANCES — AGGREGATION OF SMALLER OFFENSES.

Under MCL 333.7105(1), the words "deliver" or "delivery" are defined as the actual, constructive, or attempted transfer from 1 person to another of a controlled substance; the singular form of "transfer" indicates that delivery refers to a single transfer, not multiple transfers over a period of time; under MCL 333.7401(2)(a), the level of charges for the manufacturing, creating, delivering, or possession with intent to manufacture, create, or deliver a schedule 1 or 2 controlled substance are differentiated on the basis of the amount of controlled substance involved; a more severe punishment is imposed on those who manufacture, create, deliver, or possess greater amounts; a prosecutor may not aggregate various smaller deliveries of a controlled substance to support an increase in the level of the charged offense.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Jessica R. Cooper*, Prosecuting Attorney, *Thomas R. Grden*, Appellate Division Chief, and *Joshua J. Miller*, Assistant Prosecuting Attorney, for the people.

*Jonathon B. D. Simon* for defendant.

Before: JANSEN, P.J., and FORT HOOD and SHAPIRO, JJ.

PER CURIAM. Defendant appeals as of right his jury trial convictions of delivery of 50 grams or more, but less than 450 grams, of heroin, MCL 333.7401(2)(a)(*iii*), possession with intent to deliver less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*), possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), and conspiracy to deliver and/or possess with intent to deliver less than 50 grams of cocaine and/or heroin, MCL 333.7401(2)(a)(*iv*). He was sentenced as a third-offense habitual offender, MCL 769.11, to concurrent terms of 10 to 40 years' imprisonment for each of his convictions. We vacate defendant's conviction of delivering 50 grams or more, but less than 450 grams, of heroin because the trial court improperly allowed the prosecution to aggregate numerous smaller deliveries into one charge. We affirm defendant's other convictions, but remand for resentencing.

This Court reviews the record de novo when addressing a claim of insufficient evidence. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001).[1] We also review de novo questions of statutory interpretation. *People v Gardner*, 482 Mich 41, 46; 753 NW2d 78 (2008).

MCL 333.7401 provides in relevant part:

(1) Except as authorized by this article, a person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance . . . .

(2) A person who violates this section as to:

(a) A controlled substance classified in schedule 1 or 2 that is a narcotic drug or a drug described in section 7214(a)(*iv*) and:

\* \* \*

---

[1] Defendant characterizes this issue as one of unpreserved constitutional error. However, the underlying issues that defendant raises involve statutory interpretation and sufficiency of the evidence questions, so we have addressed them as such.

(*iii*) Which is in an amount of 50 grams or more, but less than 450 grams, of any mixture containing that substance is guilty of a felony . . . .

Heroin is a schedule I controlled substance. MCL 333.7212(1)(b). The elements of delivering 50 grams or more, but less than 450 grams, of heroin are (1) defendant's delivery; (2) of 50 grams or more, but less than 450 grams; (3) of heroin or a mixture containing heroin; (4) with knowledge that he was delivering heroin. See *People v Williams*, 294 Mich App 461, 470; 811 NW2d 88 (2011); see also *People v Mass*, 464 Mich 615, 626-627; 628 NW2d 540 (2001) (stating that the amount and nature of controlled substances are elements of a delivery offense). Although the amount of the controlled substance is an element of a delivery offense, the defendant's knowledge of the amount is not an element. *Mass*, 464 Mich at 626-627. " 'Deliver' or 'delivery' means the actual, constructive, or attempted transfer from 1 person to another of a controlled substance, whether or not there is an agency relationship." MCL 333.7105(1). " '[*T*]*ransfer* is the element which distinguishes delivery from possession.' " *People v Schultz*, 246 Mich App 695, 703; 635 NW2d 491 (2001), quoting *People v Steele*, 429 Mich 13, 25-26; 412 NW2d 206 (1987).

The primary prosecution witness, Jack Blocker, testified that the largest amount that defendant delivered to him on any one occasion was an ounce, or approximately 28 grams. There is no evidence in the record that would support a finding that defendant ever delivered more than 50 grams in a single transaction. Consequently, if the individual deliveries cannot be aggregated, there is no evidence supporting defendant's conviction for delivery of 50 grams or more, but less than 450 grams, of heroin. For the reasons set forth

below, we conclude that defendant's various deliveries of 0.5 to 28 grams of heroin on separate occasions may not be aggregated to support a conviction for delivering 50 grams or more, but less than 450 grams, of heroin under MCL 333.7401(2)(a)(*iii*).

First, MCL 333.7401(2)(a) sets forth different charges for four distinct quantity groups[2] when a defendant is charged with the manufacturing, creating, delivering, or possessing with intent to manufacture, create, or deliver a schedule 1 or 2 controlled substance. The statute sets forth different degrees of punishment, which are dependent on the amount of controlled substance that was delivered. The law imposes a more severe punishment on those who manufacture, create, deliver, or possess greater amounts of a controlled substance. *Mass*, 464 Mich at 624-625. This system created by the Legislature would be undercut by allowing the prosecution to aggregate multiple small deliveries.

Second, delivery is defined as "the actual, constructive, or attempted transfer from 1 person to another of a controlled substance." MCL 333.7105(1). This definition does not use a plural form of "transfer," indicating that delivery is a single transfer, not multiple transfers over a period of time.

Finally, caselaw does not support an interpretation of MCL 333.7401 that would allow the prosecution to aggregate separate deliveries. The question of what constitutes a single criminal transaction with respect to delivering a controlled substance has arisen in double jeopardy cases. In such cases, the defendants argued

---

[2] Less than 50 grams, MCL 333.7401(2)(a)(*iv*); 50 grams or more, but less than 450 grams, MCL 333.7401(2)(a)(*iii*); 450 grams or more, but less than 1000 grams, MCL 333.7401(2)(a)(*ii*); and 1000 grams or more, MCL 333.7401(2)(a)(*i*).

that their convictions for multiple counts of delivering a controlled substance violated the double jeopardy clause because the deliveries had been part of one criminal transaction. See *People v Bartlett*, 197 Mich App 15, 18; 494 NW2d 776 (1992); *People v Edmonds*, 93 Mich App 129, 133-134; 285 NW2d 802 (1979); *People v Cuellar*, 76 Mich App 20, 21-23; 255 NW2d 755 (1977); *People v Martinez*, 58 Mich App 693, 694-695; 228 NW2d 523 (1975). In that context, we have consistently held that separate deliveries constitute separate criminal transactions, which properly give rise to separate charges. See *Edmonds*, 93 Mich App at 133-134 (holding that two separate sales of heroin on the same day were not part of the same criminal transaction because there was no connection between the two deliveries, such as an agreement to return for a second sale after the first); *Cuellar*, 76 Mich App at 21-23 (concluding that two separate sales of heroin to the same buyer, one month apart, did not constitute the same criminal transaction); *Martinez*, 58 Mich App at 694-695 (holding that two separate deliveries to the same buyer, nine days apart, constituted separate criminal transactions). For example, in *Bartlett*, 197 Mich App at 18, we stated:

> In resolving defendant's double jeopardy challenge, we look to whether the deliveries were separately bargained for and separately paid for and to whether the second delivery was at the same time as the first. See *People v Miller*, 182 Mich App 482, 484; 453 NW2d 269 (1990). In this case, the evidence demonstrated that although the deliveries were close in time, defendant sold two separate amounts of crack cocaine to the two officers separately and that the cocaine rocks were separately bargained for and paid for. We conclude that, under the circumstances of this case, the Legislature intended that defendant be subject to prosecution for each delivery as a separate offense.

We have also considered when a series of acts constitute separate criminal transactions, giving rise to separate charges, in the context of false pretenses and Medicaid fraud cases. See *People v Harajli*, 161 Mich App 399, 403-408; 411 NW2d 765 (1987); *People v Payne*, 177 Mich App 464, 466-468; 442 NW2d 675 (1989). In *Harajli*, 161 Mich App at 401, the defendants were gasoline station owners who tampered with the pumps so that customers were receiving less gasoline than that for which they paid. The prosecution aggregated the amounts that numerous customers were defrauded over several months to charge defendants with the felony of obtaining more than $100 by false pretenses, rather than charging defendants with the misdemeanor of obtaining $100 or less by false pretenses. *Harajli*, 161 Mich App at 401. This Court concluded that "different misrepresentations to different victims, made at different times, constitute different offenses even if they occur at the same place and pursuant to one overall 'scheme.' " *Id.* at 407. In *Payne*, 177 Mich App at 466, the prosecution charged the defendant with " 'using a common plan or scheme to defraud the State of Michigan, Medicaid program,' " by making 505 false claims. We concluded that such a charge was inappropriate because the charging statute, MCL 400.607(1), made it illegal to submit a false claim. Consequently, the submission of each false claim constituted a separate offense, "and must be tried as such." *Payne*, 177 Mich App at 468.

The prosecution relies primarily on conspiracy cases to argue that defendant's individual deliveries can be aggregated under a continuing-course-of-conduct theory. In *People v Rodriguez*, 251 Mich App 10, 23; 650 NW2d 96 (2002), this Court concluded that the jury instructions were proper when the trial court instructed the jury that " '[i]f you believe the evidence so

shows, you *may* add up the separate amounts to show that there was an agreement to deliver over 650 grams or more [sic] of any mixture containing the controlled substance cocaine.' " In *People v Porterfield*, 128 Mich App 35, 38-41; 339 NW2d 683 (1983), this Court held that there was sufficient evidence to convict the defendant of conspiracy to deliver over 50 grams of heroin. The defendant had conspired with other to sell heroin in one-quarter ounce packages on an almost daily basis.

One can conspire with another to deliver more than 50 grams of heroin and then follow through with that plan by delivering 10 grams of heroin on five different occasions. For this reason, conspiring to deliver 50 grams or more, but less than 450 grams, of heroin is fundamentally different from actually delivering that amount of heroin. In a conspiracy case, the amount the defendant and his coconspirators *agree to deliver* is significant, while the amount *actually delivered* is what matters in a non-conspiracy case. See *Rodriguez*, 251 Mich App at 23; *Porterfield*, 128 Mich App at 38-41. Because there was insufficient evidence to convict defendant of delivering 50 grams or more, but less than 450 grams, of heroin, we vacate that conviction.

We reject defendant's multiple challenges to his other convictions, however. Defendant argues that the trial court abused its discretion by denying his motion to suppress evidence that resulted from the police officers' search of his car. This Court reviews de novo a trial court's decision on a motion to suppress evidence. *People v Chowdhury*, 285 Mich App 509, 514; 775 NW2d 845 (2009). The trial court's factual findings are reviewed for clear error. *Id.*

Defendant initially argues that the evidence recovered should be suppressed because the officers were

acting outside their jurisdiction, in violation of MCL 764.2a(1). However, assuming this to be the case, it does not provide a basis for suppression. An arrest that is statutorily invalid under MCL 764.2a(1), which limits the authority a peace officer may exercise outside his jurisdiction, is not necessarily unconstitutional. *People v Hamilton*, 465 Mich 526, 532-533; 638 NW2d 92 (2002), abrogated on other grounds *Bright v Ailshie*, 465 Mich 770, 775 n 5 (2002). A statutorily invalid arrest therefore does not automatically trigger the exclusionary rule. Our Supreme Court has determined that the Legislature did not intend for the exclusionary rule to apply to an arrest that is invalid under MCL 764.2a(1) because the statute was intended to " 'protect the rights and autonomy of local governments,' " not to protect criminal defendants. *Hamilton*, 465 Mich at 534-535 (citation omitted).

Defendant also asserts that the police lacked reasonable suspicion of criminal activity to justify their investigative stop. We disagree. An investigative stop, or *Terry*[3] stop, is permissible under the Fourth Amendment "if the officer has a reasonable, articulable suspicion that criminal activity is afoot." *People v Steele*, 292 Mich App 308, 314; 806 NW2d 753 (2011). Reasonableness is determined on a case-by-case basis, based on a totality of the facts and circumstances. *Id.* at 314-315. "Fewer foundational facts are necessary to support a finding of reasonableness when moving vehicles are involved than when a house or home is involved." *Id.* at 315, citing *People v Oliver*, 464 Mich 184, 192; 627 NW2d 297 (2001). The officers in this case had a reasonable, articulable suspicion that criminal activity was afoot. See *Steele*, 292 Mich App at 314. The officers had just apprehended Teresa Mienk at the Bahama

---

[3] *Terry v Ohio*, 392 US 1, 30-31; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

Motel and had just found packaged heroin and cocaine in her car in amounts that matched the amounts Blocker had ordered from defendant. The officers saw Mienk at defendant's house immediately before she drove to the Bahama Motel with the drugs. After she left defendant's house, Mienk received multiple calls from the same telephone number that Blocker had used to contact defendant. Blocker had proved to be a credible source—his descriptions of defendant and Mienk were accurate, including the cars they drove and where defendant lived. Finally, the officers had reason to believe that defendant was in the red Durango. They were on the street where defendant lived, they had seen a red Durango in defendant's driveway earlier that evening, and they had also seen defendant in that driveway. Accordingly, the police had a reasonable, articulable suspicion that criminal activity was occurring.

In his Standard 4 supplemental brief,[4] defendant argues that his trial counsel was ineffective for failing to properly investigate and impeach Blocker and for failing to move to sever his charge of delivering 50 grams or more, but less than 450 grams, of heroin from the other charges against him.[5]

---

[4] Administrative Order, No. 2004-6, Standard 4, allows a defendant to file a brief *in propria persona*, raising issues that his or her attorney believes are without merit.

[5] When this Court reviews an unpreserved claim of ineffective of assistance of counsel, it is limited to the facts on the record. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). The circuit court's factual findings are reviewed under a clearly erroneous standard. MCR 2.613(C).

Both the United States Constitution and the Michigan Constitution guarantee criminal defendants the right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. In order to establish ineffective assistance of counsel, a defendant must demonstrate that " 'counsel's representation fell below an objective standard of reasonableness,' " and

Defendant claims that his trial counsel was ineffective for failing to investigate Blocker's criminal background or request a pretrial credibility hearing to impeach Blocker. Defendant speculates that a background check *may* have revealed a prior conviction involving dishonesty. However, defendant does not provide any factual support for this assertion. Moreover, contrary to defendant's unsupported assertion, the existence of a prior conviction with which a witness may be impeached does not provide a basis to bar the witness from testifying, as it goes to the weight rather than admissibility of that testimony. Given the jury's purview over questions of witness credibility, it would have been improper for the trial court to make a determination on Blocker's credibility before trial and then prohibit Blocker from testifying. See *Jackson*, 292 Mich App at 590. Thus, trial counsel's failure to request the court to do so was not ineffective assistance.

Defendant also claims that his trial counsel was ineffective because he did not move to sever count I, delivery of 50 grams or more, but less than 450 grams, of heroin, from the other three counts against defendant. First, defendant fails to explain why the failure to sever this charge may have resulted in jury confusion. Second, MCR 6.120(C) requires the court to "sever for separate trials offenses that are not related as defined in subrule (B)(1)." MCR 6.120(B)(1)(b) provides that offenses are related if they are based on "a series of connected acts." In this case, the multiple deliveries

that "there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Smith v Spisak*, 558 US 139; 130 S Ct 676, 685; 175 L Ed 2d 595 (2010), citing *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Counsel is not ineffective for failing to make a meritless argument or raise a futile objection. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

from defendant to Blocker, while separate crimes, were connected acts. Counsel was not ineffective for failing to make a meritless argument or raise a futile objection. *Ericksen*, 288 Mich App at 201.

Defendant also argues a Sixth Amendment violation[6] because the trial court held a bond revocation hearing when he was unrepresented by counsel. Under the Sixth Amendment, an accused has the right to counsel for his defense during all critical stages of a criminal prosecution. US Const, Am VI; see also *People v Russell*, 471 Mich 182, 187; 684 NW2d 745 (2004). When this right is violated it constitutes a structural, constitutional error requiring automatic reversal. *People v Willing*, 267 Mich App 208, 224; 704 NW2d 472 (2005). However, the bond revocation hearing was not a "critical stage" in the proceeding because it did not have any effect on the determination of defendant's guilt or innocence. *People v Killebrew*, 16 Mich App 624, 627; 168 NW2d 423 (1969). There was no jury present at the hearing, and the jury was never informed that defendant's bond had been revoked. Because the bond revocation hearing was not a critical stage in the proceeding, and was completely independent from defendant's jury trial, the presence of counsel was not constitutionally required. *People v Blue*, 178 Mich App 537, 539; 444 NW2d 226 (1989).

Lastly, defendant claims that his right to be present at all proceedings was violated because he was not

---

[6] This Court reviews de novo constitutional questions. *People v Brown*, 294 Mich App 377, 389; 811 NW2d 531 (2011). When an alleged error involves a constitutional right, that error is either structural or nonstructural. *People v Willing*, 267 Mich App 208, 223; 704 NW2d 472 (2005). However, the deprivation of the right to counsel at a noncritical stage of a criminal proceeding is a nonstructural constitutional error. *Id.* at 224. Unpreserved, nonstructural constitutional errors are reviewed for plain error affecting the defendant's substantial rights. *Brown*, 294 Mich App at 389.

present when the court heard his motion to quash. However, defendant was represented by counsel at that hearing and his counsel waived defendant's presence at the hearing. Indeed, his counsel succeeded at the motion hearing to the extent that the prosecution agreed to dismiss one count and to amend another.

In sum, we affirm defendant's convictions for possession with intent to deliver less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*), possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), and conspiracy to deliver and/or possess with intent to deliver less than 50 grams of cocaine and/or heroin, MCL 333.7401(2)(a)(*iv*). However, we conclude that defendant's conviction of delivering 50 grams or more, but less than 450 grams, of heroin, MCL 333.7401(2)(a)(*iii*), is invalid. Accordingly, we remand the case to the trial court for it to vacate that conviction. Finally, because we are vacating the conviction on the most serious charge and his other sentences were based in part on this inaccurate information, we also remand for resentencing on the remaining convictions. *People v Jackson*, 487 Mich 783, 792-793; 790 NW2d 340 (2010). We do not retain jurisdiction.

JANSEN, P.J., and FORT HOOD and SHAPIRO, JJ., concurred.