# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DAVID DASHON SHAW,

Defendant-Appellant.

UNPUBLISHED
July 14, 2016

No. 323273
Berrien Circuit Court
LC No. 2013-004380-FH

Before: SHAPIRO, P.J., and O'CONNELL and WILDER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of resisting and obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant to 18 months' probation. We affirm.

Defendant first argues that the trial court erred in denying his motion for a directed verdict. When determining whether a trial court erred in denying a motion for a directed verdict, "this Court reviews the record de novo to determine whether the evidence presented by the prosecutor, viewed in the light most favorable to the prosecutor, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt." *People v Aldrich*, 246 Mich App 101, 122; 631 NW2d 67 (2001).[1]

> To convict defendant for resisting and obstructing a police officer, the prosecution was required to show that: (1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant

---

[1] Defendant also argues that the trial court erred in denying his pretrial motion to dismiss on the grounds that the prosecution could not prove all the elements of the crimes beyond a reasonable doubt because the pat-down search was illegal. A pretrial motion to dismiss on these grounds is treated as a motion to quash the information. See, e.g., *People v Monaco*, 474 Mich 48, 52-53; 710 NW2d 46 (2006). In this context, when a defendant has received a fair trial, appellate review is limited to the court's denial of a motion for a directed verdict. *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006).

-1-

assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties. In addition, the prosecution must establish that the officers' actions were lawful. In other words . . . the lawfulness of the [officers' actions] was an element of the offense, and it present[s] a factual question for the jury. [*People v Vandenberg*, 307 Mich App 57, 68-69; 859 NW2d 229 (2014) (quotation marks and citations omitted); see also *People v Moreno*, 491 Mich 38, 51-52; 814 NW2d 624 (2012).]

Defendant does not challenge the first two elements, i.e., that he obstructed an individual he knew to be a police officer. Defendant challenges the third element—the lawfulness of the officers' actions. Specifically, he argues that the pat-down search of his person conducted by Officer Hothman Misane was unconstitutional.

"An investigative stop, or *Terry*[2] stop, is permissible under the Fourth Amendment if the officer has a reasonable, articulable suspicion that criminal activity is afoot." *People v Collins*, 298 Mich App 458, 467; 828 NW2d 392 (2012) (quotation marks and citation omitted; footnote in original). "Reasonableness is determined on a case-by-case basis, based on the totality of the facts and circumstances." *Id*. A *Terry* stop "permit[s] a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime." *Terry v Ohio*, 392 US 1, 27; 88 S Ct 1868; 20 L Ed 2d 889 (1968). "[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id*. "Simply being in a high crime area is certainly not enough evidence to meet the required level of suspicion[.]" *People v Nelson*, 443 Mich 626, 636; 505 NW2d 266 (1993). "And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or 'hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." *Terry*, 392 US at 27. "[A] heightened general suspicion . . . does not alone supply the particularized, reasoned, articulable basis to conclude that criminal activity was afoot that is required to justify the temporary seizure approved in *Terry*." *People v Shabaz*, 424 Mich 42, 63; 378 NW2d 451 (1985).

Four police officers testified as to the events in question. According to their testimony, they were patrolling an area outside of a recently opened nightclub at 1:00 a.m. In their experience, nightclubs at this time of evening often involved altercations between intoxicated individuals. Two officers heard yelling coming from behind the nightclub. When they arrived behind the building, they saw defendant and his wife arguing loudly. She was in a car and he was standing outside it. The window was open and the two were gesturing or swatting their hands towards each other, but were not making physical contact with each other. Several of the officers testified that they knew from experience that incidents of domestic violence can be dangerous for police because the arguments are heated and the involved individuals may be armed.

---

[2] *Terry v Ohio*, 392 US 1, 30-31; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

As the officers approached, defendant's wife began to back her vehicle up and did so quickly enough to cause rocks and dirt to fly in the air. The officers, including Misane, ordered her to stop. She stopped, but then she drove the vehicle forward a short distance, nearly striking defendant. Defendant told his wife that she did not have to obey the officers' command to stop, but she did not move the car any further. At that point, as the officers approached, defendant raised his hands in the air. Misane approached defendant from behind and placed his hand on defendant's left front-thigh pocket in an attempt to check for weapons, thereby effectuating the *Terry* stop. Defendant swore, dropped one of his hands to his waist, and pushed Misane's hand away. Misane grabbed defendant's arm with the intent to arrest him for resisting an officer based on that contact. Defendant continued to pull away and the incident escalated as the other officers became involved. They forced defendant to the ground and used pain techniques in order to get defendant to comply with their commands to place his hands behind his back so they could handcuff him. According to the witnesses, the entire sequence of events lasted between 30 seconds and three minutes.

In his remand motion and in his presentation to the jury, defendant argued that Misane did not have a lawful basis to pat him down, so any non-compliance or resistance on his part was not a crime. However, there was sufficient evidence to allow a rational jury to conclude that the initial pat down was lawful because Misane possessed a "reasonable, articulable suspicion that criminal activity was afoot[,]" *Collins*, 298 Mich App at 467, and was "warranted in the belief that his safety or that of others was in danger[,]" *Terry*, 392 US at 27.[3] The officers were in front of a nightclub at 1:00 a.m. Misane heard yelling from behind the building and witnessed a man and a woman swinging their arms at each other. Misane saw the woman nearly strike defendant with her vehicle. These instances were, at least in appearance, consistent with assault, battery, domestic violence, or attempts to commit these crimes. See MCL 750.81(1); MCL 750.81(3); MCL 750.92. Defendant then encouraged his wife to disobey the order not to move the car. We believe the jury had sufficient evidence to conclude that Misane reasonably suspected that defendant might be attempting to assault his wife and that he might be in possession of a weapon thereby placing defendant's wife and the officers in danger. On these facts and circumstances, a rational jury could have concluded that the attempted pat-down was lawful, *Terry*, 392 US at 27, and in turn that Misane's actions were lawful beyond a reasonable doubt, thereby satisfying the third element of resisting and obstructing, *Vandenberg*, 307 Mich App at 68-69. Accordingly, the trial court did not err in denying defendant's motion for a directed verdict.[4]

Defendant next argues that the trial court erred in denying his request for specific unanimity jury instruction. We disagree. "This Court reviews de novo claims of instructional error." *People v Martin*, 271 Mich App 280, 337; 721 NW2d 815 (2006). Michigan law provides criminal defendants the right to a unanimous jury verdict. MCR 6.410(B). "In order to protect a defendant's right to a unanimous verdict, it is the duty of the trial court to properly

---

[3] We note that the trial court provided the jury with careful instructions concerning the necessary grounds for a *Terry* stop and pat down.

[4] For these same reasons, we reject defendant's argument that the trial court abused its discretion in denying his motion for reconsideration of his motion to dismiss.

instruct the jury regarding the unanimity required." *People v Cooks*, 446 Mich 503, 511; 521 NW2d 275 (1994). Typically, this duty is satisfied by delivering a general unanimity instruction. *Id*. at 512-513

> However, the trial court must give a specific unanimity instruction where the state offers evidence of alternative acts allegedly committed by the defendant and 1) the alternative acts are materially distinct (where the acts themselves are conceptually distinct or where either party has offered materially distinct proofs regarding one of the alternatives), or 2) there is reason to believe the jurors might be confused or disagree about the factual basis of defendant's guilt. [*Martin*, 271 Mich App at 338 (quotation omitted).]

A specific unanimity instruction is not required where the charged criminal acts are so similar in nature and time as to constitute one continuous transaction. See *Cooks*, 446 Mich at 528-529.

In this case, the prosecution presented evidence of several acts on the part of defendant that could invoke criminal liability under MCL 750.81d. The statute criminalizes the behavior of "an individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers" a police officer. MCL 750.81d(1). " 'Obstruct' includes the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." MCL 750.81d(7)(a). The prosecution presented evidence which, if believed by the jury, could lead to the factual conclusions that defendant knocked Misane's hand away during the pat-down, pulled away when Misane grabbed his arm, pulled away again when another officer grabbed his other arm, and stiffened his arm muscles while on the ground in defiance of the officers' orders to stop resisting. Each of these acts could fall within the definitions of criminal behavior under MCL 750.81d, as they constitute physical interference or force against the officers. While separate, these alleged acts were highly similar in nature, i.e., they were initiated in response to Misane's pat-down of defendant and they occurred at a single location within a very short and continuous period of time. There was no evidence of a temporal disruption in the chain of events. To the extent defendant argues that there was conflicting testimony as to whether some of the alleged instances of resisting and obstructing occurred, "[i]t is the jury's task to weigh the evidence and decide which testimony to believe." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008) (quotation marks and citation omitted). Accordingly, the trial court did not err in denying defendant's request for a specific unanimity instruction.

Lastly, defendant argues that he was deprived of his right to an impartial jury by the trial court's dismissal of two prospective jurors for cause on the grounds that they possessed prior misdemeanor convictions. However, in *People v Eccles*, 260 Mich App 379, 381-384; 677 NW2d 76 (2004), this Court held that prospective jurors who possess prior misdemeanor

convictions may be properly dismissed for cause on that basis.  We are bound by that decision. MCR 7.215(J)(1).

Affirmed.

/s/ Douglas B. Shapiro
/s/ Peter D. O'Connell
/s/ Kurtis T. Wilder