*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 14, 2023

Plaintiff-Appellant,

v

No. 364782
Wayne Circuit Court
LC No. 22-004797-01-FH

DANTE PARROTT,

Defendant-Appellee.

Before: LETICA, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] the trial court's order granting defendant's motion to suppress evidence found pursuant to a traffic stop. For the reasons set forth in this opinion, we reverse and remand for further proceedings.

## I. BACKGROUND

This case arises out of the search of defendant's vehicle following the initiation of a traffic stop for speeding. During the initial traffic stop, one of the officers observed an open container of what appeared to be liquor, in plain sight, on the driver's side floorboard of defendant's vehicle. Defendant was the sole occupant of the vehicle. Defendant was asked to exit, and he was detained. The ensuing vehicle search revealed a loaded handgun underneath the driver's seat. Defendant was issued a civil infraction citation for careless driving, MCL 257.626b, and a misdemeanor citation for possessing an open container of alcohol in a vehicle, MCL 257.624a. Defendant was subsequently charged with one count of felon in possession of a firearm (felon-in-possession), MCL 750.224f, one count of felon in possession of ammunition, MCL 750.224f(6), one count of carrying a concealed weapon (CCW), MCL 750.227, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.

---

[1] See *People v Parrott*, unpublished order of the Court of Appeals, entered March 30, 2023 (Docket No. 364782).

Following the preliminary examination, defendant moved to suppress evidence of the firearm recovered during the search of his vehicle on Fourth Amendment grounds. Defendant argued that the officers did not have probable cause to believe that additional open alcohol containers would be found in his vehicle after the officers identified the liquor bottle on the driver's side floorboard. Defendant asserted that none of the officers articulated that they observed any other alcohol-related items inside of the vehicle. Defendant maintained that the search of his vehicle was not justified under the automobile or the search incident to arrest exceptions to the warrant requirement and thus the evidence was the fruit of an unlawful search and should be suppressed.

The prosecution argued that the search of defendant's vehicle was permissible under the search incident to arrest exception. The prosecution conceded that the officers did not note any signs of intoxication, but maintained that the officers were authorized to search the vehicle because defendant was "objectively under arrest," having been handcuffed and detained for the violation of MCL 257.624a, which prohibits the transportation or possession of an open alcohol container within the passenger area of a motor vehicle. The prosecution asserted that the officer who recovered the firearm had a reasonable belief that additional evidence relevant to the crime might be found in the vehicle, such as "additional alcohol bottles, empty cups, the now-broken seal for the bottle, and a plethora of additional related items." The prosecution further argued that even if the search of defendant's vehicle did not fall under the search incident to arrest exception, the officers would have inevitably discovered the firearm during the ensuing inventory search and thus the evidence was admissible under the inevitable-discovery doctrine.

The trial court held a hearing, and ultimately granted the motion to suppress. The court first noted it was proceeding under the assumption that defendant committed a traffic violation to justify the initial stop. The court opined, "I can't presume that it was a search incident to arrest, because nobody had actually indicated the defendant was under arrest for open alcohol . . . in the vehicle, at that time. And in fact, the alcohol, the bottle wasn't even recovered until after the search begins." The court further determined that the inevitable discovery doctrine did not apply either. Based on the facts, the court concluded that exclusion of the evidence was the proper remedy. The prosecution now appeals.

B. ANALYSIS

The prosecution argues that the officers were authorized to search defendant's vehicle under the automobile exception because the partially full bottle of suspected liquor was in plain sight and the officers had probable cause to believe that the passenger compartment of the vehicle might have contained additional contraband, such as other open alcohol containers. We agree.

We review de novo a trial court's ultimate decision on a motion to suppress, *People v Moorman*, 331 Mich App 481, 484; 952 NW2d 597 (2020), but we review for clear error any factual findings, *People v Elliott*, 494 Mich 292, 300; 833 NW2d 284 (2013). "A trial court's factual findings are clearly erroneous if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Pippen*, 509 Mich 999; 974 NW2d 241 (2022) (cleaned up). Underlying questions of law are reviewed de novo. *People v Corr*, 287 Mich App 499, 506; 788 NW2d 860 (2010).

The United States and Michigan Constitutions both guarantee a right to be free from unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11; *Herring v United States*, 555 US 135, 136; 129 S Ct 695; 172 L Ed 2d 496 (2009); *People v Slaughter*, 489 Mich 302, 310-311; 803 NW2d 171 (2011). The lawfulness of a search or seizure is grounded in its reasonableness; whether a search is reasonable depends on the totality of the circumstances. *People v Collins*, 298 Mich App 458, 467; 828 NW2d 392 (2012). A search without a warrant is presumptively unreasonable, unless there exists both probable cause and a circumstance establishing an exception to the warrant requirement. *People v Moorman*, 331 Mich App 481, 485; 952 NW2d 597 (2020). Generally, evidence obtained during an unconstitutional search is barred from admission as substantive evidence in criminal proceedings. *Moorman*, 331 Mich App at 485.

In this case, it is undisputed that the search of defendant's vehicle was conducted without a search warrant. When a warrantless search is contested, the prosecution bears the burden "to establish an exception to the warrant requirement[.]" *People v Cartwright*, 454 Mich 550, 561; 563 NW2d 208 (1997). "While many warrantless searches are unreasonable pursuant to the warrant requirement, the United States Supreme Court has articulated several instances in which warrantless searches are reasonable." *Slaughter*, 489 Mich at 311 (citation omitted). One exception is the plain-view doctrine, which "allows police officers to seize, without a warrant, items in plain view if the officers are lawfully in a position from which they view the item, and if the item's incriminating character is immediately apparent." *People v Champion*, 452 Mich 92, 101; 549 NW2d 849 (1996). And "information gleaned as a result of observation of an object in plain or open sight can form the basis of probable cause or reasonable suspicion to proceed further." *People v Barbee*, 325 Mich App 1, 8; 923 NW2d 601 (2018), citing *Texas v Brown*, 460 US 730, 738 n 4; 103 S Ct 1535; 75 L Ed 2d 502 (1983) ("The information obtained as a result of observation of an object in plain sight may be the basis for probable cause or reasonable suspicion of illegal activity.").

Another well-established exception to the Fourth Amendment warrant requirement is the automobile exception, under which "the police may search a motor vehicle without the necessity of first obtaining a warrant if probable cause to support the search exists." *People v Kazmierczak*, 461 Mich 411, 418-419; 605 NW2d 667 (2000). See also *Pennsylvania v Labron*, 518 US 938, 940; 116 S Ct 2485; 135 L Ed 2d 1031 (1996) ("If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more."). "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of *every part of the vehicle and its contents* that *may* conceal the object of the search." *United States v Ross*, 456 US 798, 825; 102 S Ct 2157; 72 L Ed 2d 572 (1982) (emphasis added). "[C]ontraband goods concealed and illegally transported in an automobile or other vehicle may be searched for without a warrant," and when liquor is involved, the "measure of legality" is whether the police have "probable cause for believing that the automobile . . . has contraband liquor therein which is being illegally transported." *Carroll v United States*, 267 US 132, 153-156; 45 S Ct 280; 69 L Ed 543 (1925).

Probable cause exists when "there is a 'substantial basis' for inferring a 'fair probability' that contraband or evidence of a crime will be found in a particular place." *Kazmierczak*, 461 Mich at 417-418 n 4 (citation omitted). Probable cause is determined by considering the "totality-of-the-circumstances" and making "a practical, common-sense decision whether, given all the

circumstances . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v Gates*, 462 US 213, 238; 103 S Ct 2317; 76 L Ed 2d 527 (1983). See also *Kazmierczak*, 461 Mich at 423 n 11 ("Probable cause is traditionally determined on the basis of the totality of the circumstances.") (citing *Gates*, 462 US at 238). "[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Gates*, 462 US at 232. Regardless of the subjective beliefs of the police officers, the probable-cause determination is an objective inquiry. *Ross*, 456 US at 808.

In this case, the prosecution argues that the officers had probable cause to believe defendant violated MCL 257.624a(1)[2], a misdemeanor offense, based on their observation of an open bottle of liquor on the driver's side floorboard, and were consequently permitted to search the vehicle for additional evidence of open or uncapped containers of alcohol or other intoxicants. We agree.

The evidentiary record indicates that defendant was initially seized for speeding and swerving erratically. During the subsequent traffic stop, the officers observed a partially full glass bottle, in plain sight, on the driver's side floorboard. The bottle was the shape and design of a traditional liquor container, and held a clear liquid. Based on this evidence in plain view, the officers had probable cause to believe that defendant may have been driving unlawfully with an open alcohol container, in violation of MCL 257.624a(1). After observing the suspected open liquor bottle, the officers also had probable cause to suspect that the passenger compartment might contain additional contraband such as other open alcohol containers—particularly in those areas of the compartment within defendant's reach. The firearm was recovered underneath the driver's seat, which was close to the open liquor bottle, and in an area that would have been easily accessible to defendant. Under the totality of the circumstances, the officers had probable cause to justify the warrantless search under the driver's seat pursuant to the automobile exception. See *Ross*, 456 US at 823, 825; *Carroll*, 267 US at 153-159. Accordingly, the trial court erred by granting the motion to suppress.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Christopher M. Murray
/s/ Sima G. Patel

---

[2] MCL 257.624a(1) states, in pertinent part, that " . . .a person who is an operator or occupant shall not transport or possess alcoholic liquor in a container that is open or uncapped or upon which the seal is broken within the passenger area of a vehicle upon a highway, or within the passenger area of a moving vehicle in any place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, in this state."